### Clay Harpold v. S. E. Moss et al.

#### No. 1831.    Decided May 6, 1908.

1.—Question of Fact—Peremptory Instruction.

Where testimony introduced would support a verdict in favor of a party, though not very probable, no matter how strong the contradictory evidence may be the decision turns upon the credibility of witnesses and is to be determined by the jury, and it is error to control it by a peremptory charge. (P. 542.)

2.—Same—Cases Discussed.

Eastham v. Hunter, 98 Texas, 560, followed, and Joske v. Irvine, 91 Texas, 574, distinguished.    (Pp. 542, 543.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Johnson County.

In an action by Harpold against Moss and others, the trial court directed the finding of a verdict for the latter.    Harpold appealed, and on affirmance obtained a writ of error.

·*J.· M. Moore* ·and *Odell, Phillips & Johnson,* for plaintiff in error. —The court erred in instructing the jury to find against the appellant, Clay Harpold, and in favor of the appellee, S. E. Moss, for the amount of the seven hundred and fifteen dollar note, sued on by appellee Moss in No. 5618, with interest and attorneys' fees, and that the same is a lien upon 205 shares of stock in the "T. J. G. E. Co.," and the court erred in not submitting said cause to the jury as to appellant Harpold's liability on said note because the defendant Harpold had pleaded good and valid defenses to said note which defenses the court had held good on a demurrer urged thereto by the plaintiff Moss and the defendant had offered and introduced before the jury ample legal and competent evidence tending to prove the defenses alleged and set forth in his answer to plaintiff's suit on said note. American Natl. Bank v. Conger, 44 S. W. Rep., 1057; Obrien v. Patterson B. & M. Co., 61 Atl., 437; Metyer v. Roberts, 5 Ohio C. C., 344; McCarthy v. Woods, 87 S. W. Rep., 405; Current Law, vol. 15, pp. 1326, 1327; Davis v. Driscoll, 22 Texas Civ. App., 14; Thomas v. Hammond, 47 Texas, 42; Hansen v. Yturria, 48 S. W. Rep., 795; Taylor v. Merrill, 64 Texas, 494; Grier v. Casares, 76 S. W. Rep., 451; Womack v. Wamble, 27 S. W. Rep., 154; Peel v. Giesen, 21 Texas Civ. App., 334.

A verdict may be directed only where the evidence is of such a conclusive character that there is no room for ordinary minds to differ as to the conclusion to be drawn therefrom.    Long v. Red River T. & S. Ry. Co., 85 S. W. Rep., 1048; Lee v. International & G. N. Ry. Co., 89 Texas, 588; Lamberida v. Barnum, 90 S. W. Rep., 698; Fitzgerald v. Hart, 23 S. W. Rep., 933.

Plaintiff in error having introduced sufficient evidence to support a verdict in his favor, was entitled to have the issue submitted, no matter how strong the contradictory evidence might be.    Eastham v. Hunter, 98 Texas, 560.    The case of Joske v. Irvine is in no respect analogous.    It is not a case of mere surmise or suspicion, where positive and direct evidence is introduced, the only question then arising being, is such evidence true?

*Poindexter & Padelford,* for defendants in error.—Where the evidence in a case is all one way and there is no issue arising on the evidence to be submitted to the jury the court should peremptorily instruct the jury to find in accordance with the facts as they exist.    The evidence and all the evidence shows the claim upon the part of the

plaintiff in error to be absolutely untrue and the court did not err in instructing the jury to find against the plaintiff in error upon this issue. Joske v. Irvine, 91 Texas, 574; Roddy v. Kingsbury, 5 Texas, 151; Burns v. Scott, 117 U. S., 582; Bond v. Mallow, 17 Texas, 636; Patton v. Rucker, 29 Texas, 406; Williams v. Davidson, 43 Texas, 39; Sup. Counsel of A. L. of H. v. Anderson, 61 Texas, 296; Century Digest, vol. 20, sec. 1799; Grinnan v. Dean, 62 Texas, 220; Washington v. Missouri, K. & T. Ry. Co., 36 S. W. Rep., 778

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

S. E. Moss brought suit against Clay Harpold to recover upon two notes, one for $1,500, given for a town lot and to enforce a lien, and the other for $715 for money lent secured by a lien upon certain shares of stock in The Texas Johnson Grass Exterminating Company.

Harpold then sued Moss and others to recover of Moss $5,000 which he alleged Moss promised to pay him for fifty-one shares in the before mentioned company. He also alleged that the company which was managed by Moss and the other defendants had made large profits in the business and that they had failed to account to him for his part of the profits. He also alleged that the notes which were given to him by Moss were executed with the understanding that they were not to be paid, but were to be credited upon the $5,000 which Moss had promised to pay him for the fifty-one shares of stock in the company.

The cases were consolidated and were tried as one and after hearing the evidence the court instructed a verdict for Moss and others against Harpold. The verdict having been returned in accordance with the instructions, judgment was rendered upon it. Upon appeal by Harpold the Court of Civil Appeals affirmed the judgment.

Harpold testified to the facts substantially as alleged in his petition. Upon the material facts he was flatly contradicted by the testimony of Moss and in some particulars by the testimony of other witnesses. It may be conceded also that Harpold's version of the transaction was not very probable. The error assigned is that the court erred in instructing a verdict. The rule that is applicable to this question is very clearly announced in the case of Eastham v. Hunter (98 Texas, 560) in the following language: "The plaintiffs in error having introduced sufficient evidence to support a verdict in their favor, were entitled to have the issue submitted, no matter how strong the contradictory evidence might be. In determining this question we must consider the evidence in its most favorable aspect for the plaintiffs in error, disregarding conflicts and contradiction; they raised the issue of credibility, which was a question for the jury." To judge of the credibility of the witnesses and the weight to be given to their testimony is peculiarly the province of the jury. Hence whenever the court undertakes to say that the testimony of a witness is entitled to no credit because it is overborne by contradictory testimony or that it is so contrary to circumstances in proof which render it improbable, it very clearly assumes the function of the jury and its ruling should not be permitted to stand.

The case of Joske v. Irvine (91 Texas, 574) involved a wholly different question. That was a suit for an illegal arrest, and there was no question about the arrest having been made—but the question was as to Joske having participated in the arrest—as expressed in the opinion, the question was whether Joske had "requested and directed" the arrest to be made. No witness swore that he did; but it was sought to show that he did by circumstances. It was held that the circumstances were insufficient to show the fact and in summing up the court say: "Upon the whole case, we are of the opinion that the probative force of the testimony does not go beyond the point of creating a mere surmise or suspicion that Joske "requested or directed" the arrest, and thaᵗ therefore, under the principles above discussed, there is not, in legal contemplation, "any evidence" of that fact." It is apparent that in that case it was not a question of the credibility of the witnesses or of the weight to be given to their testimony. It was simply held that the circumstances adduced for the purpose of showing that Joske had requested and directed the arrest were without probative force.

We find it unnecessary to decide whether Harpold could vary by parol testimony the contracts evidenced by his promissory notes for if Moss promised to pay him $5,000 for the stock in the company, he would have the right to recover upon that and to have it offset against the recovery upon the notes.

For the error of the court in instructing a verdict, the judgment of the District Court and that of the Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*