## SPEARMAN v. RODDEN & LAWRENCE.
### (No. 2620.)

(Court of Civil Appeals of Texas. Texarkana. Oct. 19, 1922.)

**1. Adverse possession ⬦115(1) — Evidence held to create submissible issue on 10-year possession of farming land.**

In a suit in trespass to try title, evidence showing plaintiff occupied a 106-acre tract *held* to create a submissible issue on 10-year adverse possession.

**2. Trial ⬦139(1), 140(1)—Credibility and ultimate decision of fact for jury, where evidence raises fact issue.**

Where evidence raises fact issue, credibility of the evidence and ultimate decision of fact are for the jury.

Appeal from District Court, Marion County; R. T. Wilkinson, Judge.

Suit by John Spearman against Rodden & Lawrence. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

I. C. Underwood, of Jefferson, and French & Price, of Daingerfield, for appellant.

Schluter & Singleton, of Jefferson, for appellees.

LEVY, J. The appellant brought the suit in trespass to try title to 186 acres of land, and for damages in the value of certain timber cut and removed from a part of the land by the appellees. He pleaded title to the land both in fee simple and by adverse possession under the statute of 10 years' limitation. The appellees entered a disclaimer to 80 acres of the land, which was in a defined tract, and pleaded not guilty as to the 106 acres of land. There was no timber cut off the 80 acres by appellees, and the sole controversy pertained to the 106 acres. At the conclusion of the evidence the court peremptorily instructed a verdict in favor of the appellees upon the ground that the appellant had wholly failed to establish any title to the 106 acres in controversy. The appellant by proper assignment of error seeks to have this ruling of the court reviewed.

[1] Appellant had a deed to the 80 acres, but relied for title to the 106 acres of land upon adverse possession under the 10-year

statute of limitation. Reasonably construing the appellant's testimony, he settled on the land in 1895. He positively testifies that he "opened up a field in the northwest corner, and built a house on it. The house was occupied and the land cultivated up to 4 or 5 years ago, and that period covers more than 10 years." There is evidence to show that appellant in person and by tenant occupied, used, and cultivated the open land from 1895 to the time of the suit in 1921; he claimed all the 106 acres. It was admitted in the trial that appellant had paid all the taxes on the land to the date of the trial. It does appear that appellant moved from the land "up across the Cypress"; but the record fairly shows that he moved "about 1910 or 1911," at which time, according to appellant's evidence, limitation could be said to be more than complete.

[2] The appellant's evidence is too strong to say that, as a matter of law, he failed to prove or make an issue of fact as to adverse possession. It is the well-settled rule that, whenever the evidence raises an issue of fact, the credibility of the evidence as well as the ultimate decision of the fact in issue shall be decided by the jury, when a jury trial is had.

Therefore the assignment of error should be, we conclude, sustained, resulting in reversing the judgment and remanding the cause for another trial.