**PECK & HICKERNELL v. NOBLE OIL & DEVELOPMENT CO. et al. (No. 2393.)**

(Court of Civil Appeals of Texas. Amarillo. Oct. 29 and Dec. 31, 1924.)

**1. Appeal and error ⟲⟲621(1)—Statement of facts filed in time, where filed before expiration of time for filing of transcript.**

A statement of facts filed before expiration of time for filing of transcript in appellate court is filed in time, and will not be stricken.

**2. Appeal and error ⟲⟲767(1)—Strict compliance with rules requiring appellant to file copy of brief and to give notice thereof not required.**

A motion to strike appellant's brief, because no copy was filed in district court and no notice served on movant five days before expiration of time within which record should have been filed in appellate court, and no notice served of filing of transcript, statement of facts, and briefs, will be overruled, as requirement that appellant file copy of briefs in trial court five days before filing record in appellate court is not strictly enforced.

**3. Pleading ⟲⟲111—Where question of fact presented by plea in abatement or in bar, and jury impaneled, plea cannot be decided on allegations in petition.**

Where either a plea in abatement or in bar is filed, and question of fact is presented, and jury has been impaneled, plea cannot be decided upon allegations in petition.

**4. Evidence ⟲⟲91—Burden on party presenting plea to establish facts sustaining it.**

Whether issue of fact is presented by plea in bar or plea in abatement, the burden of proof is on party tendering such plea to establish fact urged in abatement or in bar.

**5. Trial ⟲⟲139(1), 140(1)—Credibility of witnesses and weight of testimony for jury.**

The jury are the judges of the credibility of witnesses and weight to be given their testimony.

**6. Trial ⟲⟲143—Where evidence supports allegations of petition, issue should be submitted to jury.**

Where plaintiff introduced evidence supporting allegations in his petition, he is entitled to have issues submitted to jury, even if evidence is conflicting.

**7. Trial ⟲⟲139(1)—Rule stated as to direction of verdict, where petition states cause of action.**

Where petition states a cause of action, to warrant court in taking question from jury, evidence must be of such character that there is no room for ordinary minds to differ as to conclusion to be drawn from it.

**8. Appeal and error ⟲⟲926(4)—Rejection of offered evidence presumed correct, where bill fails to show what objection made to its introduction.**

In absence of statement of objection made to introduction of evidence tendered, appellate court will presume in favor of correctness of trial court's ruling in rejecting such evidence.

Appeal from District Court, Wilbarger County; J. V. Leak, Judge.

Action by Peck & Hickernell against the Noble Oil & Development Company and others, in which Alexander Stewart intervenes. Judgment for intervener against defendant, and for defendant as against plaintiffs, and plaintiffs appeal. Reversed and remanded.

O. T. Warlick, of Vernon, Luther Hoffman, of Wichita Falls, and Bonner & Storey, of Vernon, for appellants.

Berry, Stokes & Killough, of Vernon, for appellees.

HALL, C. J. [1, 2] The appellee company moves the court to strike the statement of facts and the appellants' briefs. The rule is, that if the statement of facts is filed before the time expires for filing the transcript in this court, it is filed in time, and should not be stricken. Daggett v. Farmers' National Bank (Tex. Civ. App.) 259 S. W. 198; Early-Foster Co. v. Mid-Texas Mills (Tex.

Civ. App.) 232 S. W. 1117. The grounds for the motion to strike appellants' briefs are that no copy of appellants' briefs was filed in the district court, and no notice of such filing was served upon movant five days before the expiration of the time within which the record should have been filed in this court, and further, that no notice was served upon movant of the filing of the transcript, statement of facts, and briefs in this court. Appellate courts have not required strict compliance with the rule requiring appellant to file a copy of his briefs in the trial court five days before filing the record in this court.

The motion will be in all things overruled, but, because movant has not had the required notice of filing the record in this court, submission will be postponed, and appellee will be granted until December 1st next, to file its briefs.

RANDOLPH, J. This suit was filed in the district court of Wilbarger county, Tex., by Peck & Hickernell, a partnership, as plaintiffs, against the Noble Oil & Development Company, as defendants, upon a verified account claimed by plaintiffs to be due and owing to them from defendant. Alexander Stewart filed, in the same court, his suit upon a note payable to his order and signed by defendant Noble Oil & Development Company. The cases were consolidated, and repleading ordered, and thereafter the parties appeared; Peck & Hickernell as plaintiffs, the Noble Oil & Development Company as defendant, and Alexander Stewart as intervener.

The accounts sued on by plaintiffs, attached as exhibits to their amended petition, showed them to have been rendered "Noble Oil & Development Company, in account with Peck & Hickernell, incorporated."

Defendant and intervener specially pleaded that, if any debt was due by defendant, which is not admitted, but expressly denied, such debt was due and owing to Peck & Hickernell, incorporated, and not to Peck & Hickernell, a partnership, which pleading was sworn to.

In their supplemental petition, by way of reply to the pleading, the plaintiffs set up:

The ownership of the accounts by the partnership of Peck & Hickernell, which firm was composed of A. P. Peck and J. C. Hickernell; "that all of the articles rented and leased to the defendant company, and for the rental of which said account was incurred, were and now are the property of said plaintiffs; that the paper on which said accounts were set down in typewriting was paper which had been printed for the use of a corporation known as Peck & Hickernell, incorporated, and said paper was used merely as a matter of convenience, and because same was available for use, and in the office of Peck & Hickernell, these plaintiffs; that through an error and oversight the word 'incorporated' was not stricken from said accounts when same were made up; that, in fact, said corporation never owned any property, and was at no time an active going concern."

Plaintiffs thereupon asked leave of the court to strike out the word "incorporated," which leave the court granted. The plaintiffs called for a jury, and a jury was duly impaneled and sworn to try the case. After the reading of the pleadings to the jury, it appears from the judgment in the case and from the briefs of the parties filed in this court, that the plaintiffs introduced their evidence and rested, and that intervener introduced his testimony, including the note and chattel mortgage sued on by him, whereupon the court found, as recited in the judgment, that the plaintiffs had failed to make out their case. Thereupon on the same day, April 3, 1924, the trial court entered the following order, which appears in the transcript next after the judgment on the main case:

"Peck & Hickernell v. Noble Oil & Development Co. No. 3243, Consolidated.

"In the District Court of Wilbarger County, Tex.

"On this the 3d day of April, A. D. 1924, at a regular term of this court, the above entitled and numbered cause was called for trial, and all parties being before the court for hearing defendant's and intervener's pleas in bar as set out in defendant's first amended original answer which was adopted by intervener, and the court, after hearing said pleas in bar, the evidence introduced, and the argument of counsel, and being in all things fully advised in the premises, is of the opinion that said pleas in bar of plaintiff's action as set out in paragraph 1 and section "b" of paragraph 4 of defendant's first supplemental answer, filed April 1, 1924, and adopted by intervener, should be sustained. It is therefore ordered, adjudged, and decreed by the court that said pleas in bar of plaintiff's suit are in all things hereby sustained, to which action of the court plaintiffs then and there in open court excepted.

"This the 3d day of April, A. D. 1924."

While the recital in this order is that the plea in bar is set out in paragraph 1, section "b" of the supplemental answer, this is erroneous; the reference should be to the defendant's first-amended original answer.

The trial court then instructed the jury to return a verdict in favor of intervener against the defendant; and defendant having filed its cross-action for damages for the issuance and levy of a writ of attachment against the plaintiffs, the court also instructed them to return a verdict that defendant take nothing by such cross-action. The jury returned a verdict in harmony with such instructions, wholly ignoring plaintiffs' cause of action. Judgment was thereupon rendered by the court in favor of intervener for his debt, and for foreclosure of his mortgage lien as against defendant; that plaintiffs take nothing by their suit; and that defendant take nothing by its cross-action against plaintiffs.

It will appear from this statement of the case that the trial court, after hearing the pleadings read and the evidence in the case, withdrew the plaintiffs' case from the jury, and sustained the defendant's plea in bar, and that no part of plaintiffs' case was submitted to the jury, but that plaintiffs' case was disposed of by the trial court sustaining the defendant's plea in bar.

[3,4] There is a contention by appellant in this court that defendant's plea is a plea in abatement, but, as we view it, it is immaterial, for in either plea, where a question of fact is presented, and a jury has been impaneled, the plea as presented could not be decided upon the allegations in the petition, but it presents an issue of fact. The plaintiffs having called for a jury, and a jury being impaneled and sworn, and engaged in trying the case, plaintiffs were entitled to have the question of their ownership of the accounts submitted to them, unless the proof was so conclusive against them on that issue that reasonable minds could not differ or reach any other result than that they were not the owners of said accounts. So far as an issue of fact is concerned, whether presented by a plea in abatement or a plea in bar, the rule is that the burden of proof is on the party who tenders such plea to establish the fact which he urged is in abatement or in bar. Hart, Wiggins & Co. v. Kanady, 33 Tex. 720; Chambers v. Ker, 6 Tex. Civ. App. 373, 24 S. W. 1121.

We will not discuss the evidence in the case, in view of another trial, but it is sufficient to say that plaintiffs introduced evidence that established their accounts and the ownership thereof, substantially as alleged in their pleadings. It is true that out of the general mass of facts a conflict might arise upon this question, but this conflict they were entitled to submit to a jury.

[5, 6] Where the evidence is conflicting, it is not in the province of the trial court to say which side of such conflict is to be given the most weight; the jury are the judges of the credibility of the witnesses, and the weight to be given their testimony. Harpold v. Moss, 101 Tex. 540, 109 S. W. 928. The plaintiff, having introduced evidence which supported the allegations in his petition and supplemental petition, was entitled to have the issues submitted to the jury, even if the evidence in the case was conflicting. Davis v. Ferguson Seed Farms (Tex. Civ. App.) 255 S. W. 661; Young v. Blain (Tex. Com. App.) 245 S. W. 65. If the pleadings and evidence raise an issue of fact, it is error for the trial court to instruct a verdict, or to take the case from the jury. McGary v. Campbell (Tex. Civ. App.) 245 S. W. 112; Spearman v. Rodden & Lawrence (Tex Civ. App.) 244 S. W. 622.

[7] Where the petition stated a cause of action, for the court to take the question from the jury, the evidence must be of such character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it. Davis v. Ferguson Seed Farms, supra; Choate v. S. A. & A. P. Ry. Co., 90 Tex. 82, 36 S. W. 247, 37 S. W. 319. See, also, Wallace v. National Bank, 95 Tex. 105, 65 S. W. 180.

[8] Appellants' propositions Nos. 1 and 2, based upon their bill of exception No. 1, complain of the action of the trial court in excluding copy of article 997 of the Revised Statutes of Colorado. The bill of exception sets out the purported article, but fails to show in what connection it was offered, and fails to show what objection was made to its introduction by appellees. In the absence of a statement of the objection made to the introduction of the evidence tendered, we must indulge every presumption in favor of the correctness of the trial court's ruling in rejecting such evidence. G., H. & S. A. Ry. Co. v. Gage, 63 Tex. 575. Buckler v. Kneezell (Tex. Civ. App.) 91 S. W. 367 (writ denied).

For the error pointed out in the dismissal of the plaintiff's case, the judgment of the trial court is reversed and remanded.