## · NORFLEET et al. v. BERRYMAN et al.
### No. 3340.

Court of Civil Appeals of Texas. Amarillo.
Jan. 8, 1930.
Rehearing Denied Jan. 29, 1930.

Joiner & Cook, of Plainview, for appellants.

Williams & Day, of Plainview, and Renfro, Ledbetter & McCombes, of Dallas, for appellees.

JACKSON, J.

In this suit the plaintiff M. E. Norfleet and her husband, J. F. Norfleet, sought in the district court of Hale county, Tex., to cancel a deed theretofore made by them conveying the north 200 acres of section 2, block D–10, in Hale county, Tex., to H. H. Berryman, the defendant.

Plaintiffs dismissed as to the other defendants, and no further notice will be taken of such other defendants.

The plaintiffs allege: That on December 22, 1924, and long prior thereto, and at all times since they were husband and wife, and on said date, they were occupying said 200 acres of land as their homestead. That on September 9, 1924, they were the owners of sections 1, 3, 4, 5, 6, and 9 and the northwest quarter of section No. 7 and 440 acres out of section 2 in block D–10 in Hale county, Tex., which was incumbered by a lien to secure to the Texas Security Company the payment of $66,082.55, with interest and attorney's fees. That on said date judgment was rendered against the plaintiffs and others in favor of the Texas Security Company for the sum of $74,347.77 and for the foreclosure of the lien and the sale of the land covered thereby. That on November 3, 1924, the defendant contracted with the Texas Security Company for the purchase of said judgment and lien, and on November 19th thereafter consummated such contract of purchase and became the owner of said indebtedness and judgment. That on November 3, 1924, the defendant entered into a written contract with J. F. Norfleet, by the

terms of which he obligated himself to purchase all the lands covered by said judgment lien and also the north 200 acres of said section 2 in block D–10, the homestead of plaintiffs, and which was clear of all debts and incumbrances. That as a part of the consideration for plaintiffs' lands, the defendant contracted to convey to plaintiffs seven brick buildings, clear of all liens, situated in the town of Alto, in Cherokee county, Tex., at an agreed value of $75,000, and further contracted to rent said buildings from plaintiffs for a period of two years, beginning January 1, 1925, at and for the price of $500 per month.

Plaintiffs allege: That on December 22, 1924, the north 200 acres of said section 2 in block D–10, in addition to being their homestead, was the separate property of M. E. Norfleet. That on said date the defendant induced M. E. Norfleet to join her husband in executing a deed conveying said 200 acres of land to defendant by falsely promising and fraudulently representing that he would pay off and satisfy the judgment he had purchased against the incumbered land and also convey to them the seven brick buildings in Alto, Tex., for which he would pay the plaintiffs, as rent, $500 per month on said property for a period of two years. That, as a matter of fact, at the time the defendant acquired said judgment and contracted with J. F. Norfleet for the purchase of said lands, and at the time he made the representations to induce M. E. Norfleet to join her husband in conveying to the defendant the 200 acres of land which constituted their homestead, he did not intend to carry out said contracts nor the promises made to induce plaintiff to convey to him said 200 acres of land, but all of such agreements, contracts, and promises were fraudulently made with the intention of acquiring all of plaintiffs' land, and especially said 200 acres, in fraud of plaintiffs. That they relied and acted upon such agreements, promises, and representations in the execution of said deed. That the defendant had all of the incumbered land sold under an execution issued on the judgment he had purchased, at which sale he became the purchaser and received a sheriff's deed therefor. That the defendant has failed and refused to make deeds to plaintiffs to the seven brick buildings in Alto, and refused to pay plaintiffs any money for said 200 acres of land. Plaintiffs ask for judgment canceling the deed made by them conveying said 200 acres of land to the defendant and for recovery thereof.

The defendant answered by general and special exceptions and general denial. He also alleged:

That the 200 acres involved in this suit were included in the contract of November 3, 1924, entered into by himself and J. F. Norfleet. That by the terms of said contract said 200 acres were to be conveyed to him, and, if it ever was the homestead of plaintiffs, they had by proper deed conveyed it to him and abandoned it as a homestead, and thereby estopped themselves to set up any homestead rights thereto. That the lands acquired by the judgment which the defendant contracted to purchase were sold at sheriff's sale to satisfy the judgment which was for the sum of $74,347.77, interest and costs. That plaintiffs induced the defendant to purchase the said judgment and have the lands incumbered thereby sold at execution thereunder in order that plaintiffs could convey to defendant said lands free from any other liens and judgments, as the contract of November 3, 1924, with J. F. Norfleet stipulated.

That on said judgment lien and other liens, including taxes, the defendant was compelled to pay out the sum of $86,829.52. That the defendant acquired good title to but 3,896 acres of the lands included in the contract, which, at the agreed value, was the sum of $114,152.80; hence, if plaintiffs had complied with their contract, after deducting the $75,000, the agreed value of the Alto property, from the agreed value of the acreage acquired by the defendant of $114,152.80, the defendant would have been required to have paid plaintiffs in money approximately $39,152.80, but that the plaintiffs were unable or unwilling to discharge the incumbrances against the land they had contracted to convey to the defendant, and he was required to pay in cash a sum greatly in excess of what he would have been required to pay if plaintiffs had complied with their contract.

That, in order to assist the plaintiffs to comply with their contract, the defendant offered to advance to them $30,000 and retain a lien to secure the repayment thereof, against the Alto property, but plaintiffs were unable or unwilling to obtain the necessary amount of money in excess of said $30,000 to enable them to carry out said contract, and the defendant then proposed to convey or have conveyed to plaintiffs a brick building in Sulphur Springs, Tex., for a consideration of $38,000, incumbered with a lien in the sum of $20,000, in lieu of conveying to them the Alto property. That this proposition was accepted by the plaintiffs, and J. F. Norfleet, in order to keep the title to the Sulphur Springs property so his creditors could not place liens against it, requested that the title be allowed to remain in M. C. Parrish, and it was agreed that said Parrish should hold the title to the Sulphur Springs property and convey it to plaintiff when requested, but that the $20,000 against the Sulphur Springs property matured, and

J. F. Norfleet, who had assumed the payment thereof, was unwilling or unable to pay it, and requested that he be relieved from the payment thereof and released from such transaction. That thereupon the defendant and J. F. Norfleet made a final settlement of all contracts, agreements, and promises theretofore entered into relative to all of these transactions, and the defendant paid him the sum of $1,750, and received a receipt therefor.

In reply to the defendant's answer, by supplemental petition, the plaintiffs pleaded a general denial, and especially denied that they entered into a contract with the defendant parting with their rights in the Alto property for any brick building or property in Sulphur Springs, but alleged: That they purchased the brick building in Sulphur Springs and paid therefor in personal property. That the plaintiffs finally lost the Sulphur Springs property because they were unable to discharge the $20,000 lien assumed against it, and that the settlement alleged by the defendant with J. F. Norfleet referred only to the transaction relative to the Sulphur Springs property. That the defendant acquired good title to 4,320 acres of land, the agreed value of which was $126,576.

The case was tried to a jury, but, at the conclusion of the testimony offered by the plaintiffs, the court directed a verdict in favor of the defendant, and, in compliance with such instructions, the jury found for the defendant, and the court entered judgment thereon for the defendant, from which judgment the plaintiffs prosecute this appeal.

The appellants assign as error the action of the court in directing a verdict against them, because the testimony raised the issue of fraud and the issue of failure of consideration, which the jury should have been permitted to determine.

The contract of November 3, 1924, entered into by the defendant and J. F. Norfleet, so far as material to a disposition of this appeal, is as follows:

"The said Berryman does hereby bargain and sell unto the said Norfleet seven brick buildings, situated in the town of Alto, Cherokee County, Texas, and being the seven brick buildings facing south on Busy Avenue, and being all of the brick buildings facing said avenue between the Ford Service Station, in the building belonging to M. C. Parrish, of Austin, and the Rusk Road, said buildings being all of the buildings owned by the said Berryman facing on Busy Avenue, free and clear of all encumbrances of every character whatsoever, for the agreed sum of Seventy Five Thousand Dollars ($75,-000.00) to be paid by the said Norfleet's selling and conveying to the said Berryman Sections 1, 2, 3, 4, 5, 6, all of 7 less the N. E. quarter of 7 and Section 9 in Block D–10, Hale County, Texas, at the agreed price of $29.30 per acre, the said Berryman to assume the encumbrance on Section 5, which bears interest at the rate of 5½% per annum, said assumption, however, to be deducted from the total consideration, and pay unto said Norfleet the balance of the purchase price in cash.

"That the said Norfleet does hereby lease unto the said Berryman the brick buildings at Alto, at a monthly rental of Five Hundred ($500.00) Dollars per month, for a period of two years, commencing on January 1, 1925—and the said Berryman shall have the option to renew said lease for three years longer, in the event the said Norfleet still owns said property, at the same rental.

"That the said conveyance of the Hale County land will be made free of all liens and encumbrances, except the encumbrance hereinabove referred to on Section 5."

Mrs. Norfleet testified: That she and J. F. Norfleet were husband and wife. That the land involved in this controversy was their homestead and had been for some twenty-one years. That she knew Mr. Berryman and first met him when he came to see about making a deal for their property. That she saw him in the house at her home place. That he proposed to buy their property, conveying to them seven brick buildings in Alto for $75,000, and pay the balance in cash. That later the defendant and her husband entered into the contract introduced in evidence. That she saw the defendant at different times, and on December 22d she and her husband executed to the defendant a deed to the 200 acres of land involved in this controversy. That at the time she executed the deed she asked if it was all right for her to sign it, and was advised that it was all right, and that the defendant Berryman stated: "It doesn't make any difference what you sign. I am going through with the contract exactly like we entered into it." That he told her the reason he did not make a deed to the Alto property the day the 200 acres were conveyed to him was because there was a judgment against Mr. Norfleet which would affect the title, but that, as soon as the judgment was cleared, he would make a deed to the plaintiffs to the Alto property. That the deed to the Alto property was never made, that no money was ever paid under the lease provision of the contract, and that plaintiffs never received any cash for the land that was sold.

▮▮ It will be noted that the defendant admits in his answer that he never conveyed to plaintiffs the seven brick buildings in Alto and never paid them any money for the difference between the $75,000, the agreed

value of the Alto property, and the $114,-152.80, the agreed value of the land he admits that he acquired. In his answer he alleges the reason he did not do so was because plaintiffs breached their contract with him, and alleges other transactions with J. F. Norfleet by which he claims to have been released from the terms of the original contract, but he offered no proof of any kind or character to sustain any of the defenses pleaded.

If the admissions of the defendant and the testimony offered was of sufficient probative force to make an issue of fact, such issue should have been submitted to the jury.

"In determining the matter, we must consider the evidence in its most favorable aspect for the appellants, disregarding all conflicts and contradictions, and allowing every reasonable inference that may be drawn from it in support of their claim. Harpold v. Moss, 101 Tex. 540, 109·S. W. 928; Bolt v. Bank (Tex. Civ. App.) 145 S. W. 707." Williams et al. v. Lumbermen's Reciprocal Association (Tex. Civ. App.) 18 S.W.(2d) 1093, 1095.

Without entering into an analysis and discussion of the effect of the defendant's admissions in his answer and the effect of the testimony, it is our opinion that the court erred in directing a verdict against the appellants.

■ Appellants assign as error the action of the court in excluding as evidence a deed from J. F. Norfleet to his wife, M. E. Norfleet, dated December·20, 1924, conveying to her the 200 acres of land involved in this controversy. The record fails to disclose that the defendant had either active or constructive knowledge of such deed, and, under the conditions so revealed, the deed was not admissible as evidence against the defendant.

■■ The appellants assign as error the action of the court in sustaining special exceptions to certain allegations contained in plaintiffs' supplemental petition relative to the transaction between J. F. Norfleet and the defendant affecting the purchase and sale of the Sulphur Springs property.

These allegations were in reply to the allegations of the defendant stating his contention relative to the transaction pertaining to the Sulphur Springs property. This ruling of the court would not of itself, in our opinion, constitute reversible error, as plaintiffs would have been entitled to offer testimony in support of their contention under their plea of general denial.

The judgment is reversed, and the cause remanded.