BURRAGE et ux. v. RED ARROW TAXI CO. et al.

No. 2060.

Court of Civil Appeals of Texas. Waco.

Jan. 5, 1939.

J. W. Spivey, Aubrey Morris, and F. A. Craven, all of Waco, for appellants.

Jos. W. Hale, of Waco, for appellees.

GEORGE, Justice.

This suit was instituted by Reuben Avery Burrage and wife, Ila Fay Burrage, against Red Arrow Taxi Company and another, seeking damages for destruction of automobile and personal injuries received by Mrs. Burrage in a collision between her car and one belonging to the Taxi Company. The case was tried before the court and jury and judgment was rendered on the jury's finding that plaintiffs take nothing.; hence this appeal by the Burrages.

The jury made the following findings, among others: (1) That the driver of the taxi failed to keep a proper lookout, that such failure was negligence, and such negligence was the proximate cause of the collision; ( 2) that the driver of the taxi was traveling at a rate of speed in excess of twenty miles per hour, and that that was the proximate cause of the collision; (3) that the failure of the operator of the taxi to bring his car to a stop just prior to the collision was negligence, and that such failure was the proximate cause of the collision; (4) that the operator of the taxi was not driving his car at an excessive rate of speed; (5) that Mrs. Burrage received injuries as a direct and proximate result of the negligence of the operator of the taxi; (6) that Mrs. Burrage failed to keep a proper lookout, that such failure on her part was negligence, and such negligence proximately contributed to cause the collision; (7) that Mrs. Burrage was driving at a rate of speed in excess of twenty miles per hour, and that that proximately contributed to cause the collision; (8) that the failure of Mrs. Burrage to bring her car to a stop just prior to the collision was negligence, and that such failure proximately contributed to cause the collision; (9) that Mrs. Burrage failed to slow her car down, that such failure was negligence, and that such negligence proximately contributed to cause the collision; (10) that the failure of Mrs. Burrage to apply her brakes was negligence, and such negligence proximately contributed to cause the collision; (11) that Mrs. Burrage was not driving her car at an excessive rate of speed; and (12) that the taxi did not reach the north margin of Morrow Avenue before Mrs. Burrage reached the east margin of Tenth Street.

Appellants contend that each and every one of the above mentioned findings of the jury against Mrs. Burrage is without support in the evidence, and that each of such findings is contrary to the preponderance of the evidence.

The collision occurred at the intersection of Morrow Avenue and North Tenth Street in Waco between 4 and 5 o'clock in the afternoon. Mrs. Burrage was traveling west on Morrow Avenue and the taxi was traveling south on North Tenth Street. The testimony is conflicting as to which reached the intersection first, and there is no finding of the jury that Mrs. Burrage reached or entered the intersection first. The only finding in this connection is that the taxi did not reach the intersection first. There is substantial evidence in the record to the effect that each car was traveling in excess of twenty miles per hour at and prior to the collision, that each of the drivers failed to keep a proper lookout, and that neither of the drivers brought his car to a stop just prior to the collision. Some of the witnesses testified that Mrs. Burrage failed to slow down the speed of her car at the time and place in question. Mrs. Burrage admitted that she did not apply her brakes.

We are not authorized to pass on weight of evidence or credibility of wit-

nesses. Nor is it given to us to weigh the evidence to determine where the greater preponderance lies. Inasmuch as the testimony of the witnesses with reference to the acts and omissions of the actors in the collision is conflicting and it is sufficient to warrant a reasonable belief of the existence of the facts which are sought to be inferred, the jury's findings thereon are binding on us and will be accepted as our findings. It is true, the jury could have found either way on those issues and such findings would have been supported by substantial evidence of probative force. The rule is that in considering whether there is evidence tending to establish such findings, only evidence favorable to such findings must be thought about, as the findings of the jury necessarily imply that proof favorable to such findings was believed and accepted by the jury. Jackson v. Watson, Tex.Com.App., 10 S.W.2d 977, pars. 1 and 2; Wininger v. Ft. Worth & D. C. Ry. Co., 105 Tex. 56, 143 S.W. 1150, pars. 1 and 2; Harpold v. Moss, 101 Tex. 540, 109 S.W. 928, pars. 1 and 2; Guthrie v. Country Club Estates Co., Tex.Civ.App., 46 S.W.2d 746; Merrill v. Louisiana Ry. & Nav. Co. of Tex., Tex.Civ.App., 4 S.W. 2d 568, par. 2; Mansfield v. Rigsby, Tex. Civ.App., 273 S.W. 290, par. 1; Panhandle & S. F. Ry. Co. v. Brown, Tex.Civ.App., 74 S.W.2d 531, pars. 1, 2 and 3; Manning v. Standard Oil Co., Tex.Civ.App., 67 S.W.2d 919, par. 11; Robinson v. Randall, Tex.Civ. App., 69 S.W.2d 184, par. 2; Larnce v. Massachusetts Bonding & Ins. Co., Tex. Civ.App., 121 S.W.2d 392, pars. 1, 2 and 3; Schaeffer v. Reineke, Mo.App., 121 S.W.2d 213; Powell Bros. Truck Lines, Inc., v. Barnett, Ark., 121 S.W.2d 116; Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696, pars. 2 and 3; Four States Grocery Co. v. Gray, Tex.Civ.App., 97 S.W.2d 355, pars. 2 and 3; Roeser v. Coffer, Tex.Civ.App., 98 S.W.2d 275, par. 4; Upton v. Dolsby, Tex.Civ.App., 119 S.W.2d 571; Traders & Gen. Ins. Co. v. Durbin, Tex.Civ.App., 119 S.W.2d 595, par. 4; Dolen v. Lobit, Tex. Com.App., 262 S.W. 731; Eastham v. Hunter, 98 Tex. 560, 86 S.W. 323; Progressive Lumber Co. v. Marshall & E. T. Ry. Co., 106 Tex. 12, 155 S.W. 175, pars. 2 and 3; 3 Tex.Jur. par. 766, p. 1092, par. 765, p. 1090, par. 768, p. 1096, par. 964, p. 1088.

The judgment of the trial court is affirmed.