## WILMANS v. HUBBLE et al.
### No. 2342.

Court of Civil Appeals of Texas. Waco.
June 12, 1941.

Rehearing Denied July 10, 1941.

Edith Wilmans, of Vineyard, pro se.

Claud C. Westerfeld, of Dallas, for appellees.

RICE, Chief Justice.

This suit was instituted by Mrs. Edith Wilmans against Mrs. Sallie J. Hubble and husband, J. E. Hubble, for the recovery of the title and possession of a tract of 43 acres of land situate in Tarrant county, Texas; and in the alternative, for specific performance of a contract of exchange entered into by the parties to this suit in respect to said tract of land. A jury being waived, trial was had to the court. From an adverse judgment, plaintiff appeals.

Plaintiff brought this suit in the form of trespass to try title, and specially pleaded the title she asserts to the tract of land involved as follows: That plaintiff, being the owner of a house and lot in Dallas, hereinafter referred to as the Woodin Street property, and defendants, being the owners of a tract of 43 acres of land in Tarrant county, entered into a contract in writing for the exchange of said properties. The contract recited that the Woodin Street property was encumbered by a lien securing a loan of $3,000, which was to be assumed by defendants, and that the 43-acre tract was clear of indebtedness. The contract further recited that the agreed value of plaintiff's property was $5,500 and the agreed value of defendants' property was $2,500. Plaintiff alleged that each of the parties complied with the title requirements of the contract; that plaintiff and defendants then met on April 27, 1939, and executed and delivered to each other their respective deeds of conveyance, thereby carrying into effect the terms of the exchange contract; that after the delivery of said deeds, defendants demanded of plaintiff immediate possession of the Woodin Street property; that it being ascertained that tenants held possession of the property, under an agreement with defendants, until May 1, 1939, plaintiff agreed with defendants to allow them to hold their deed to her as security for the delivery of the possession of the property to defendants until about noon of May 1, 1939, at which time defendants agreed to return to plaintiff the deed to the 43-acre tract; that the deal was not called off, the deed was not canceled, and the title to the 43-acre tract was not transferred back to defendants by plaintiff; that the tenants of the Woodin Street property moved out of said premises about 10 A. M. on May 1, 1939, thereby fully performing plaintiff's agreement as to possession, and she was then entitled to her deed to the Tarrant county land; that plaintiff demanded the deed, but the defendants contended that since the property was not vacated on April 30th (same being Sunday), that plaintiff owed them the sum of $30 as rent for the month of May, and refused to deliver the deed; that although plaintiff did not owe defendants anything, and did not have said sum in her possession at that time, in order to get possession of her deed she offered to give the defendants her note for said amount, and later, about May 10, 1939, tendered said sum in cash; that defendants refused to accept the note, or the tender made by plaintiff; and also refused to deliver the deed.

Defendants answered by general demurrer, general denial, a plea that the 43-acre tract of land was the separate property of Mrs. Hubble and was the homestead of the defendants at the time said contract was entered into, thereby rendering the exchange contract unenforceable; and that plaintiff, by fraud, induced defendants to execute the contract, in that she had represented the value of her equity in the Woodin Street property to be $3,000 whereas such equity had no value and the property was not worth the amount of the loan against it.

Upon the request of Mrs. Wilmans, the court filed his findings of fact and conclusions of law substantially as follows:

(1) That the 43 acre tract of land was the separate property of Mrs. Sallie J. Hubble; and the improvements thereon were paid for out of her separate estate.

(2) That after the parties signed a contract to exchange properties, they executed deeds to effectuate such exchange; that on the occasion of the signing of the deeds a

controversy arose when it developed that plaintiff was unwilling to or unable to give immediate possession of the Woodin Street property to the defendants according to her contract with them; that thereupon defendants declined to deliver to plaintiff a deed to the 43-acre tract and postponed the delivery of such deed to some future date.

(3) That thereafter, and on May 1, 1939, plaintiff, her married daughter, the latter's husband and son, moved out of the Woodin Street property, and a new controversy arose as to who would pay the monthly installment of $30 due on the mortgage on said property.

(4) That thereafter the Hubbles made at least four attempts to consummate the deal contemplated by the contract and were unsuccessful in each attempt; that at some date not definitely shown by the testimony, defendants destroyed the deed executed by them to their farm land without ever having delivered such deed to the plaintiff.

(5) That plaintiff represented the value of her equity in the Woodin Street property to be $2,500; that the defendants in good faith believed and relied upon such representation; that the total value of the Woodin Street property at the time of the contract was not in excess of $2,750, being less than the amount of the lien against it at that time, leaving the equity of the plaintiff to be valueless.

(6) That the farm land of the defendants was reasonably worth $1,500 at the date of the contract.

(7) That sometime after May 1, 1939, and after plaintiff, her daughter and son-in-law vacated the Woodin Street property, Mrs. Wilmans moved back into the house on said property; that the Great Southern Life Insurance Company had foreclosed its lien on such house and filed a forcible entry and detainer suit against Mrs. Wilmans; that the first of such suits was in September, 1939, and was defeated by Mrs. Wilmans, but that thereafter the Insurance Company filed another such suit against Mrs. Wilmans, who made no defense thereto and thereafter moved out of the premises; that during the time Mrs. Wilmans was in possession after May 1, 1939, she was in the same under some claim of right she was asserting for herself and not as the agent for and of the defendants.

(8) That the deeds mentioned and referred to in the sales contract and the evidence were never delivered by the defendants, either to Mrs. Wilmans or to any other person, to take effect as a deed to their 43 acres of land.

The court concluded as a matter of law that the legal title to the properties involved in this suit never passed out of either of the parties to the suit, for the reason that neither party delivered a deed conveying their respective property with the intention that the legal title should pass; that the entire transaction and contract was executory, and was never executed, and was never intended to be under the facts in evidence before the court; that the plaintiff had failed to make out her case against the defendants.

Plaintiff excepted to each of the court's findings of fact and to his conclusions of law because the same were not supported by the evidence, or a preponderance thereof, and were against the weight and preponderance of the evidence. She bases her assignments of error in this court upon such exceptions.

■ It was the prerogative of the trial judge before whom this case was tried without a jury to weigh the evidence as a whole, and give to it such probative force as in his opinion it was entitled to, harmonizing, as far as reasonable, the conflicts in the statements of the witnesses. Shaw, Banking Com'r, v. Ciesielski, Tex.Civ.App., 19 S.W.2d 107.

■ Where evidence is conflicting, and the trial judge sits as trier of the facts as well as of the law, the judge stands in the same relation to the case as a jury, and is the judge of the credibility of the witnesses and the weight to be given to their testimony. Worth Finance Co. v. Charlie Hilliard Motor Co., Tex.Civ.App., 131 S.W.2d 416; Corn v. First Texas Joint Stock Land Bank of Houston, Tex.Civ.App., 131 S.W. 2d 752.

■ The testimony adduced in this case was sharply conflicting in respect to the material issues of fact involved, and would have supported findings of fact contrary to those made by the trial court. However, in passing on the sufficiency of the evidence to support the findings of fact made by the trial court, we are required to view the evidence in the light most favorable to the findings made. We have carefully read and considered the statement of facts. We feel that no useful purpose would be served by setting out or summarizing the evidence in this case and that to do so would unduly prolong this opinion. The evidence was sufficient, in our opinion, to raise is-

sues of fact for the determination of the trial court; and the latter having resolved these issues against appellant, upon sufficient evidence, we are bound thereby. Larnce v. Massachusetts Bonding & Ins. Co., Tex. Civ.App., 121 S.W.2d 392, writ dismissed; Burrage v. Red Arrow Taxi Co., Tex.Civ. App., 123 S.W.2d 731.

The judgment of the trial court is affirmed.