SCOTCHCRAFT BUILDING MATERI-
ALS, INC., Appellant,

v.

Billy J. PARKER d/b/a Crystal Glass
Company, Appellee.

No. 17988.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

May 21, 1981.

Daniel K. Hedges, Fulbright & Jaworski,
Houston, for appellant.

R. Michael Smyrl, Pasadena, for appellee.

Before EVANS, DOYLE and WARREN,
JJ.

WARREN, Justice.

This is an appeal from that part of a
judgment which awarded appellee $25,000
compensatory damages and $50,000 exem-
plary damages for slander and interference
with a business relationship.

In 1977, appellee was engaged in the
business of selling windows and other relat-
ed building materials.  Its largest customer
was Homecraft, Inc.  Appellant was a sup-

plier of windows which appellee purchased and resold. Appellee's cause of action alleged that in August of 1977, Jack Woodworth, the president of appellant, telephoned Tom Cummings, the comptroller of Homecraft, Inc., and made slanderous statements concerning appellee. As a result of the slanderous statements Homecraft, Inc. ceased buying from appellee, which loss caused appellee to go out of business.

Appellant contends that the testimony of Tom Cummings as to the slanderous statements made to him by Jack Woodworth were inadmissible and that without this testimony there was no evidence or insufficient evidence to support the verdict.

Appellant's first point of error urges that the trial court erred in allowing the impeachment of the deposition testimony of Jack Woodworth because no proper predicate was laid for impeachment. In that testimony he admitted telephoning Tom Cummings, Homecraft's comptroller, and discussing matters pertaining to appellee. He denied making any remarks which could be considered slanderous.

After the testimony of Tom Cummings had been excluded by the court on several previous occasions, he finally was allowed to testify as to the contents of the telephone conversation in which Jack Woodworth made the alleged slanderous remarks. Cummings testified over the objections of appellant that Woodworth phoned him, identified himself as Jack Woodworth, Jr., president of Scotchcraft Building Materials, Inc., and told him that he was selling windows to Crystal Glass and that many of these windows were being installed in homes being built by Homecraft; that Crystal Glass was delinquent on its account with Scotchcraft in excess of $40,000; that he had federal marshalls coming in the following week to padlock the building and assets; and that Crystal Glass was going bankrupt and he was going to take it over. He further testified that Woodworth attempted to convince him to pay any money Homecraft owed to Crystal Glass directly to Scotchcraft, or make Scotchcraft a joint payee of any checks Homecraft issued to Crystal Glass, and that when he (Cummings) refused, Woodworth stated that he

would be putting liens on any houses being built by Homecraft which contained Scotchcraft windows. Mr. Cummings then testified that if the homes were encumbered with liens, Homecraft would be unable to close a sale on them, and that the conversation prompted him to quit purchasing windows from appellee. He did this by calling the supervisors and purchasing agents and instructing them to stop all purchases from appellee. He also testified that sometime later Woodworth called him to inquire "what we were going to do in answer to his request for payment and in answer to his threat of liens."

Before the testimony of Cummings was admitted, counsel for appellant objected on the grounds that no proper predicate had been laid for the admission of the testimony as to the competency of Cummings to testify about the conversation and that since he (appellee) was offering the testimony as inconsistent statements, Mr. Woodworth should be afforded the opportunity to admit or deny the statements before the evidence would be admissible, or in other words, that no predicate had been laid for showing prior inconsistent statements. These objections were correctly overruled. The fact that Woodworth called Cummings and discussed appellee is not disputed. This was admitted by Woodworth in his deposition testimony. The only dispute is that regarding the statements made during the course of the conversation. Secondly, the rules as to the necessity of a predicate being laid to impeach a witness by proving a prior inconsistent statement are inapplicable in our case. Appellee was attempting to prove that Woodworth made statements which were slanderous as to appellee. Woodworth in his testimony denied making any such slanderous statements. Although the testimony of the party (Cummings) to whom the alleged slanderous statements were made might have the effect of contradicting or impeaching Woodworth's testimony, it is not truly impeachment by the use of inconsistent statements. The testimony of Cummings was direct evidence of the ultimate fact sought to be proved, i. e., slanderous statements or statements consti-

tuting a tortious interference with the business relationship between appellee and his customer, Homecraft.

 The mere contradiction of a witness is not impeachment of his veracity, in the legal sense of the term. *New Amsterdam Casualty Company v. Parham, et al.*, 2 S.W.2d 866 (Tex.Civ.App.—Beaumont 1928, writ dism'd). Cummings' testimony which was contradictory to the testimony given by Woodworth would not constitute a prior inconsistent statement as that term is normally used in law. *Livestock Feeder Company, et al. v. Few*, 397 S.W.2d 297 (Tex. Civ.App.—Waco 1965, ref. n.r.e.).

Appellant's second point of error alleges that there was no evidence or insufficient evidence to support the verdict.

 The arguments made under this point assume that the statements made by Cummings were introduced for impeachment purposes as prior inconsistent statements and as such, were insufficient to support a verdict. It is true that if the only evidence of an essential fact is a prior inconsistent statement, the party's case will fail for lack of proof. 1 McCormick and Ray, Texas Law of Evidence § 688 (3rd ed. 1980); *Fultz v. First National Bank in Graham*, 388 S.W.2d 405 (Tex.1965), but there is no prior inconsistent statement by Woodworth relied on by appellee to support the verdict.

Next, appellant contends that the testimony of Tom Cummings should be held to be impeachment evidence because it was offered as such by appellant. After the testimony as to the Woodworth-Cummings telephone conversation had been excluded by the court several times, counsel for appellee once again called Cummings to the stand for the purpose of offering this testimony, and appellee's counsel informed the court that the testimony was offered for the purpose of impeaching the testimony elicited from Jack Woodworth. Appellant once again objected for the reason that no predicate had been laid as to competency or for proving an inconsistent statement. The objection was overruled; no limiting instruction was given to the jury nor was such an instruction requested.

 It is the duty of the party objecting to the introduction of evidence which is admissible for one purpose but not for another, to request the court to limit the purpose for which it might be considered, and failing to do so, he may not be heard to complain that the jury may have considered the evidence for other purposes. *Miller v. Hardy*, 564 S.W.2d 102 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.); *Bristol-Meyers Co. v. Gonzales*, 548 S.W.2d 416 (Tex.Civ. App.—Corpus Christi 1976, rev'd on other grounds Tex., 561 S.W.2d 801).

 The trial court erred in excluding the testimony when it was offered on previous occasions since it was admissible for all purposes. Since it was admitted into evidence on the last offer without a limiting instruction being requested or given, we will consider it to be in evidence for all purposes in support of the judgment.

Appellant's second point of error is overruled.

Affirmed.