Lew G. LARSON et al., Petitioners,

v.

CACTUS UTILITY COMPANY et al., Respondents.

No. C–5458.

Supreme Court of Texas.

April 1, 1987.

Rehearing Denied June 17, 1987.

James R. Harris (Harris, Cook, Browning, Jordan & Hyden), Corpus Christi, for petitioners.

Richard J. Hatch, Mahoney, Shaffer, Hatch & Layton, Corpus Christi, for respondents.

KILGARLIN, Justice.

Lew Larson won a jury verdict of $837,-053 in his suit against Hoyt Gentry for accounting of corporate assets. Larson and Gentry were co-owners of Cactus Utility Company stock. The trial court's judgment upheld the verdict but ordered a remittitur. Gentry appealed the case, complaining in part of the admission of certain evidence during the trial. Larson, through a cross-point, urged error as to the remittitur. The court of appeals affirmed the judgment. 709 S.W.2d 709. We reverse the judgment of the court of appeals and remand this cause to that court for it to reconsider Larson's complaint as to remittitur.

Larson and Gentry each owned 48% of the stock of Cactus Utility Company; the corporation's attorney owned the remainder. When Larson and Gentry decided to terminate their business relationship, they began to negotiate an elaborate scheme by which Gentry would essentially buy out Larson's interest in the corporation. After a series of negotiations, Larson refused Gentry's offer, and filed suit to determine the value of the corporation and force a division. The jury found that Cactus Utility's fair market value was $2,053,325, and awarded Larson $787,053 as his share. The jury also awarded Larson legal fees of $20,000 and accounting fees of $30,000. Upon motion for new trial, the trial court, without stating a reason, ordered a remit-

titur of $350,000. The court of appeals affirmed the remittitur because, in its words, "[w]e cannot say ... that the trial court's order of remittitur was manifestly unjust and was an abuse of discretion." 709 S.W.2d at 718.

We granted writ in this case to clarify our holding in *Pope v. Moore*, 711 S.W.2d 622 (Tex.1986), and to consider the court of appeals' ruling that Gentry waived any error concerning the introduction into evidence of a certain agreement between the parties. In *Pope*, we held that a court of appeals, in ordering a remittitur, should do so on an insufficiency of the evidence, and not an abuse of discretion, standard. Today we reaffirm that principle as it applies to trial courts. Trial courts and courts of appeals should be subject to the same standard for a simple reason: no court is free to substitute its judgment for that of the jury. A court of appeals should uphold a trial court remittitur only when the evidence is factually insufficient to support the verdict. *Wilson v. Freeman*, 108 Tex. 121, 185 S.W. 993 (1916).

To review trial court remittiturs under a different standard and continue the "abuse of discretion" test conflicts with a system that allows juries to set damages. The abuse of discretion standard robs of its vitality the constitutionally mandated right of trial by jury. Under an abuse of discretion review, so long as a reduction does not rise to a level shocking the court of appeals' conscience, the trial judge can freely reduce jury awards. *See Accent Builders Co., Inc. v. Southwest Concrete Systems*, 679 S.W.2d 106 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). Such review effectively allows jurists' determinations to be substituted for those of the jury, a practice condemned since *Carter v. Carter*, 5 Tex. 93 (1849). *See also Choate v. San Antonio & A.P. Ry. Co.*, 91 Tex. 406, 44 S.W. 69 (1898); *Harpold v. Moss*, 101 Tex. 540, 109 S.W. 928 (1908); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 633–35 (Tex.1986). Additionally, employing differing standards leads to the inconsistent result permitting trial court remittiturs to stand when the same orders would have been improper coming from a court of appeals.

The statement of law in *Flanigan v. Carswell*, 159 Tex. 598, 324 S.W.2d 835 (1959), is correct so far as it recognizes that the same rule for remittiturs applies to both courts of appeals and to trial courts. However, that case is overruled to the extent that it advocates a standard for remittiturs varying from that enunciated in *Pope*.

If a court of appeals holds that there is no evidence to support a damages verdict, it should render a take nothing judgment as to that amount. If part of a damage verdict lacks sufficient evidentiary support, the proper course is to suggest a remittitur of that part of the verdict. The party prevailing in the trial court should be given the option of accepting the remittitur or having the case remanded. *Wilson v. Freeman*, 108 Tex. at 126, 185 S.W. at 994. If a remand is ordered by the court of appeals, then, in doing so, it should detail and analyze the evidence as required by *Pool v. Ford Motor Co.*

Turning to Gentry's point of error before this court, one of the bases of Larson's suit was that the parties had agreed to use Cactus Utility's market value when dividing the assets, a proposition which Gentry denied. Through his motion in limine, Gentry sought to prevent introduction of the parties' Stock Purchase Agreement calling for a market valuation. Gentry contended that the parol evidence rule barred the introduction of the Stock Purchase Agreement since two later documents called for a division based upon the "net value" of the corporation.

At trial, when Larson tendered the agreement into evidence, Gentry did not recognize it and stated that he had no objection to its introduction. Before the jury learned of the exhibit's contents, however, Gentry discovered his error and renewed his pre-trial objection. After explaining his error to the trial court and asking the court to make findings that the jury had not learned of the document's contents, Gentry asked that he be given a running objection since the evidence was

already admitted. The trial court told Gentry that the ruling regarding admissibility would not be changed, and granted the running objection.

■ In its opinion upon motion for rehearing, the court of appeals held that Gentry waived his objection because it was neither timely presented nor ruled upon. We agree with the court of appeals' holding as to waiver, but for a different reason. The evidence was admissible on the question of the ambiguity and vagueness of the later documents. Larson pleaded that the agreements calling for a net valuation were ambiguous and vague, allowing introduction of the Stock Purchase Agreement. *R & P Enterprises v. LaGuarta, Gavrel and Kirk*, 596 S.W.2d 517 (Tex.1980). Where tendered evidence should be considered for only one purpose, it is the opponent's burden to secure a limiting instruction. Tex.R. Evid. 105(a); *Scotchcraft Building Materials, Inc. v. Parker*, 618 S.W.2d 835 (Tex. Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). Absent a requested limiting instruction, Gentry waived his grounds for complaint.

We hold that the court of appeals erred in affirming the remittitur in this case, and thus reverse that aspect of the cause, and remand it to the court of appeals. Otherwise, the judgment of the court of appeals is affirmed, as that court's disposition of Gentry's other points of error was correct. Upon remand, if the court of appeals finds that there is insufficient evidence supporting the verdict, then a remittitur of the unsupported amount should be suggested, leaving the option to Larson to remit that amount or to face a remand of this cause for a new trial.

HILL, C.J., dissents joined by GONZALEZ, J.

HILL, Chief Justice, dissenting.

The majority's decision to subject the remittitur orders of trial courts to factual sufficiency review makes yet another unnecessary change in the law. We have heard no outcry from the bar or the bench indicating that trial courts have been abusing their remittitur powers, nor has this court ever before questioned the propriety of the abuse of discretion standard approved in *Flanigan v. Carswell*, 159 Tex. 598, 324 S.W.2d 835 (1959). *Flanigan* struck a workable balance between the rights of litigants and the trial judge's control of the case before him. Once again we summarily overturn a "rule with a reason." *See Wright v. Gifford-Hill & Co.*, 725 S.W.2d 712, 715 (Tex.1987) (Hill, C.J., dissenting). Because none of the arguments advanced by the majority justify abandoning the reasonable balance struck by the *Flanigan* rule which has been so long followed in Texas, I dissent.

The majority relies heavily upon our decision in *Pope v. Moore*, 711 S.W.2d 622 (Tex.1986) to overrule *Flanigan*. This reliance is clearly misplaced. First, *Pope v. Moore* presented only the narrow question of the standard courts of appeals should apply when deciding whether to order an initial remittitur under the authority of TEX.R.CIV.P. 440 (now TEX.R.APP.P. 85(b)). Moreover, it is illogical to use *Pope v. Moore* to overrule *Flanigan* when *Pope v. Moore* itself cited to and rested largely upon the *Flanigan* decision.

A world in which *Pope v. Moore* and *Flanigan* coexist is entirely reasonable, despite the majority's fear that they are inconsistent.[1] An appellate court occupies a completely different niche from a trial court when it considers remittitur. The appellate court must base its evaluation of the propriety of a damages award entirely upon a written record of the proceedings below, while the trial judge has had the benefit of observing the conduct and demeanor of the witnesses and parties. It ignores reality to contend that juries may not be influenced by subjective factors when they determine damages. The judge who has conducted the trial of the case is in the best position to evaluate the extent to which improper factors may have unduly influenced the jury's award.

Moreover, treating remittitur orders of trial and appellate courts differently is rea-

---

1. *See* Smith, *Texas Remittitur Practice,* 14 SW. L.J. 150, 163 (1960).

sonable in light of the trial court's broad authority to grant a new trial. *See John-son v. Fourth Court of Appeals,* 700 S.W.2d 916, 918 (Tex.1985). The majority apparently concludes that it is somehow more offensive to a plaintiff's right to a jury trial to condition the overruling of a motion for a new trial upon the plaintiff's agreement to remit a portion of the damages than to simply grant a new trial. Yet, in *Johnson,* this court once again reaffirmed the almost unreviewable nature of the trial court's power to, without explanation, grant a new trial. *Id.*

I cannot concur in the majority's decision to overturn long-established precedent and hamstring our trial courts in the exercise of this traditional discretionary power when we have been presented no evidence that that authority is being abused. Accordingly, I dissent.

GONZALEZ, J., joins in this dissenting opinion.