**CACTUS UTILITY COMPANY and Hoyte Gentry, Appellants,**

v.

**Lew G. LARSON and Larson Plumbing & Utility Company, Appellees.**

**No. 13–85–139–CV.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 30, 1987.

Richard J. Hatch, Prichard, Peeler, Hatch, Corpus Christi, for appellants.

James R. Harris, Harris, Cook & Browning, Corpus Christi, for appellees.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

OPINION

DORSEY, Justice.

We consider this case on remand from the Supreme Court of Texas in order to examine the sufficiency of evidence to support the jury's finding of damages. *See Cactus Utility Co. v. Larson,* 709 S.W.2d 709 (Tex.App.—Corpus Christi, 1986), *aff'd in part, rev'd in part, Larson v. Cactus Utility Co.,* 730 S.W.2d 640 (Tex.1987).

Lew G. Larson and Larson Plumbing & Utility Company (Larson) filed suit against Cactus Utility Company (Cactus) and Hoyte Gentry, for the division of assets of Cactus, a corporation in which both Larson and Hoyte Gentry were stockholders. Based on the jury's verdict, judgment was entered for Larson against both defendants for $787,053.00, plus various sums for accounting and attorney's fees. The defendants' Motion for New Trial was overruled by the trial court "provided the Plaintiffs file a Three Hundred Fifty Thousand ($350,-000.00) Dollar remittitur." Appellants filed the remittitur, reducing the damage award to $437,053.00.

On appeal by Cactus, Larson submitted a cross-point alleging the trial court erred in ordering the remittitur. We affirmed the trial court's judgment, holding that it did not abuse its discretion in reducing the damages. Since that decision, the Texas Supreme Court also affirmed the judgment but remanded the trial court's remittitur, holding that a court of appeals should up-

hold a remittitur on an insufficiency of the evidence, and not an abuse of discretion, standard. *Larson v. Cactus Utility Co.,* 730 S.W.2d 640, 641 (Tex.1987). Thus, we must disallow the damage reduction if there is sufficient evidence in the record to support the jury's award of $787,053.00. *See id.*

In determining whether the evidence is insufficient, we will follow the well-established test set forth in *Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex.1986). In that case, the Texas Supreme Court held that to reverse a factual sufficiency grounds, an appellate court must "clearly state why the jury's finding is so factually insufficient or is so against the great weight and preponderance of the evidence as to be manifestly unjust: why it shocks the conscience." *Id.* at 635.

In the instant case, Larson hired Dorothy Fowler, a Certified Public Accountant, to review the corporate books and determine the net value of Cactus for the purpose of dividing the assets of the company. Fowler, testifying as an expert witness, stated that the *market value* of Cactus based on a recent purchase offer was $1,701,000.00, which is nearly a million dollars more than the company's book value. She further testified that she used this market value figure to calculate Larson's entitlement, which she estimated to be $787,053.00 as reflected in Plaintiff's Exhibit 17.

Wayne Rasmussen, accountant for Cactus, made two separate computations based on the *book value* of the company's assets. The first, dated October 1, 1981, yielded the figure $26,408.36 as Larson's distribution. Rasmussen testified that this amount was based on the net increase in Cactus' net worth between February 28, 1974, and October 1, 1981, with no consideration made for "work in progress." The second computation was made on August 22, 1984; Rasmussen stated that he based his new figure of $267,439.27 on the increase in net worth of the company through 1984, and that the amount included "work in progress."

The damage award of $787,053.00 is identical to Ms. Fowler's evaluation, indicating that the jury chose to find her testimony, evaluation, and methodology more credible than Mr. Rasmussen's. Accordingly, we conclude that the evidence is sufficient to support the damage verdict and that the trial court's $350,000.00 remittitur was improper. Larson's first cross-point is sustained.

The judgment of the trial court is REFORMED to show damages in the amount of $787,053.00. In all other respects, the judgment is AFFIRMED.