Emzy T. **BARKER**, III and Ava Barker, d/b/a Brushy Creek Brahman Center and Brushy Creek Custom Sires, Appellants

v.

Walter W. **ECKMAN**, Individually and as Nominee and Trustee of The Eckman Family Trust; Eckman, Inc.; and Larry Eckman, Appellees.

No. 01–01–00079–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 22, 2004.

---

Elaine A.G. Carlson, South Texas College of Law, Richard P. Hogan, Hogan, Dubose & Townsend, L.L.P., J. Brett Busby, Mayer, Brown, Rowe & Maw, LLP, Sean Gorman, Nathan Sommers Lippman, Kevin Dubose, Alexander Dubose Jones & Townsend, LLP, Houston, TX, for appellants.

Robert L. Ketchand, Boyer Ewing, Inc., Houston, TX, for appellees.

Panel consists of Chief Justice RADACK and Justices NUCHIA and HEDGES.*

## MEMORANDUM OPINION ON REHEARING

SHERRY RADACK, Chief Justice.

Appellants Emzy T. Barker, III and Ava Barker have filed a motion for rehearing and motion for en banc reconsideration. We grant their motion for rehearing, withdraw our January 23, 2003 opinion, vacate our January 23, 2003 judgment, and dismiss as moot the motion for en banc reconsideration. *See Butler v. State,* 6 S.W.3d 636, 637 n. 1 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd) (discussing treatment of motions for en banc consideration).

This appeal arises out of an agreement to store bull semen. Appellee Walter W. Eckman sued—both individually and on behalf of others—appellants Emzy T. Barker, III and Ava Barker, who do business under the names Brushy Creek Brahman Center and Brushy Creek Custom

---

* The Honorable Adele Hedges, who became Chief Justice of the Fourteenth Court of Appeals on December 8, 2003, continues to participate by assignment for the disposition of this case, which was submitted on rehearing on December 8, 2003.

Sires. The Eckmans[1] sued for breach of contract, alleging that the Barkers made sales of semen without providing notice and payment and that the Barkers improperly charged them for storage.

The jury awarded the Eckmans $111,983.58 in damages and $222,000.00 in attorney's fees for the trial. The Barkers subsequently moved for judgment notwithstanding the verdict, claiming the four-year statute of limitations barred the Eckmans' claims for all but $16,180.14 in breach-of-contract damages. *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.004(a)(3) (Vernon 2002) (four-year limitations period for debt), § 16.051 (Vernon 1997) (four-year residual limitations period). The Eckmans argued the lawsuit was timely filed under either the two- or four-year statute of limitations, because they claim a cause of action for bailment does not accrue until the bailor makes a demand on the bailee.[2] *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.003 (Vernon 2002) (two-year limitations period). The trial court denied the Barkers' motion and signed a final judgment on the jury's verdict.

The Barkers bring three issues on appeal: (1) the Eckmans' breach-of-contract claims are barred by limitations; (2) to the extent the Eckmans' claims are for conversion, attorney's fees are not recoverable; and (3) the $222,000.00 award of attorney's fees is not reasonably proportional to the Eckmans' remaining $16,180.14 in damages. We affirm in part and reverse and render in part.

### Discussion

■ The parties disagree on the nature of the bailment between them and the cause of action for which the Eckmans' sued. We agree with the Barkers that the bailment between them and the Eckmans constitutes a contractual relationship. *See Sanroc Co. Int'l v. Roadrunner Transp., Inc.,* 596 S.W.2d 320, 322 (Tex.Civ.App.-Houston [1st Dist.] 1980, no writ). We also agree that this bailment relationship does not create a special cause of action, but instead allows the bailors to chose specific relief for a breach of the bailment contract, *e.g.,* an action for breach of contract or an action for conversion. *See Int'l Freight Forwarding, Inc. v. Am. Flange,* 993 S.W.2d 262, 269 (Tex.App.-San Antonio 1999, no pet.). We also agree with the Barkers that the Eckmans elected to sue for breach of contract, rather than conversion.

In their appellants' brief, the Barkers contend it is undisputed that if the four-year statute of limitations applies, then all but $16,180.14 in breach-of-contract damages are barred. The Eckmans do not contradict this assertion regarding the facts in their original appellees' brief. Accordingly, we accept the Barkers' factual assertion that all but $16,180.14 in breach-of-contract damages are barred by the statute of limitations. *See* Tex.R.App. P. 38.1(f).

We sustain issue one. In light of our disposition of issue one, we do not reach issue two.

In issue three, the Barkers contend that in reviewing the amount of the jury's $222,000.00 award of attorney's fees, this Court should consider only the $16,180.14

---

1. Walter W. Eckman sued in both his individual capacity and as the nominee and trustee of the Eckman Family Trust. The beneficiaries of the Eckman Family Trust that joined in the lawsuit as separate plaintiffs and appellees are Walter W. Eckman, Larry Eckman, and Eckman, Inc. We will refer to the appellees collectively as "the Eckmans."

2. It is undisputed that the Eckmans made a demand on the Barkers less than two years before suit was filed.

in breach-of-contract damages not barred by the statute of limitations, rather than the jury's award of $111,983.58. Comparing $220,000.00 to $16,180.14, the Barkers argue this almost fourteen-to-one ratio of attorney's fees to breach-of-contract damages is so disproportional that this Court should suggest a remittitur or grant a new trial.[3]

On rehearing, the Barkers frame their request that we suggest a remittitur or grant a new trial in terms of factual-sufficiency review. *See Larson v. Cactus Utility Co.*, 730 S.W.2d 640, 641 (Tex.1987) (specifying factual-sufficiency review as standard when court of appeals orders remittitur). When reviewing a jury verdict to determine the factual sufficiency of the evidence, this Court must consider and weigh all the evidence and should set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951); *see also Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986).

■ The trial court submitted, without objection, an attorney's-fees question to the jury, and the jury answered as follows:

What is a reasonable fee for the necessary services of the Eckmans' attorneys in this case, stated in dollars and cents?

Answer with an amount for each of the following:

a. For preparation and trial.

ANSWER: $222,000.00

b. For an appeal to the Court of Appeals.

ANSWER: $10,000.00

c. For making or responding to a Petition for Review to the Supreme Court of Texas.

ANSWER: $2,500.00

d. If Petition for Review is granted by the Supreme Court of Texas.

ANSWER: $10,000.00

Factors to be considered in determining the reasonableness of attorney's fees include:

a. the time and labor involved, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly;

b. the fee customarily charged in the locality for similar legal services;

c. the amount of money involved in the case and the results obtained;

d. the experience, reputation, and ability of the lawyers performing the services;

e. whether the fee is fixed or is contingent upon results obtained; and [sic]

f. the time limitations imposed by the client or the circumstances;

g. the nature and length of the professional relationship with the client.

The Barkers did not object to the submission of this global attorney's-fees question, nor did they tender their own question asking the jury to segregate the Eckmans' attorney's fees for various services. Any error, therefore, in asking the jury to award attorney's fees globally has been waived. *See Hruska v. First State Bank of Deanville*, 747 S.W.2d 783, 785 (Tex. 1988). We, therefore, review the factual sufficiency of the attorney's fees awarded by the jury in light of the jury's award of

---

**3.** At this Court's request, the parties have rebriefed issue three, with particular emphasis on *Larson v. Cactus Utility Co.* and other post–1986 appellate decisions addressing appellate challenges to the trial court's award of attorney's fees. *Larson,* 730 S.W.2d 640 (Tex. 1987).

**364**

$111,983.58 for the Barkers' failure to comply with the contract.[4]

 David Walter Eckman, one of the Eckmans' attorneys, testified about the attorney's fees for which the Eckmans were billed. Robert Ketchand, who is board certified in civil trial law, testified that he reviewed the billing summaries of the Eckman's attorneys and that the reasonable attorney's fees were $222,000.00 for preparation and trial, $10,000.00 for an appeal to the court of appeals, $2,500.00 for making or responding to a petition for review to the Supreme Court of Texas, and $10,000.00 if petition for review is granted by the Supreme Court of Texas. These are the same amounts of attorney's fees later found by the jury. The Barkers cross-examined both attorneys Eckman and Ketchand, but did not elicit particularly damaging statements from either.

After considering and weighing all the evidence on attorney's fees in light of the charge, we do not find that the trial court's judgment in that regard to be so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We, therefore, overrule issue three.

### Conclusion

Having granted the Barkers' motion for rehearing, withdrawn our January 23, 2003 opinion, vacated our January 23, 2003 judgment, and dismissed as moot the motion for en banc reconsideration, we now (1) reverse the portion of the trial court's judgment which awards breach-of-contract damages in the amount of $111,983.58 and prejudgment interest on that $111,983.58 and (2) render judgment awarding breach-of-contract damages in the amount of

$16,180.14 and prejudgment interest on that $16,180.14. We affirm the remaining portion of the trial court's judgment.

---

4. In their motion for new trial, the Barkers preserved their factual-sufficiency complaint by challenging the excessiveness of the attorney's-fee award in comparison to the total amount of other damages ("These awards for attorney fees are excessive for a case involving damages which were approximately half the amount of attorney fees claimed for the trial of the case.").