Cotton Patch Cafe, Inc. v. Carl McCarty

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-082-CV

COTTON PATCH CAFÉ, INC. APPELLANT

V.

CARL McCARTY APPELLEE

------------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

The trial court entered a no-answer default judgment against Appellant Cotton Patch Café, Inc. (Cotton Patch) in a suit brought by Appellee Carl McCarty for injuries sustained in a trip and fall accident.  Cotton Patch brings this restricted appeal and complains in two points that the evidence is legally and factually insufficient to show a causal nexus between McCarty’s trip and fall and his injuries and damages, that the evidence is insufficient to support the awards for past and future medical expenses, pain and suffering, physical impairment, and mental anguish, and that the trial court lacked jurisdiction because of an error on the return of citation.  We will affirm in part and reverse and remand in part, subject to a voluntary remittitur.

II.  Factual and Procedural Background

McCarty sued Cotton Patch on June 7, 2004, alleging that he suffered injuries and incurred damages caused by Cotton Patch’s negligence.  McCarty served Cotton Patch on June 23, 2004, but Cotton Patch did not file an answer.  On August 27, 2004, the trial court held a hearing on McCarty’s request for a default judgment.  A portion of the evidence at the default judgment hearing shows that McCarty and his wife entered the Cotton Patch Restaurant in Lake Worth on July 5, 2003.  As the hostess was leading them to a table, McCarty tripped over a dustpan and fell on his right knee.  McCarty went to a hospital the next day, received X-rays, and was referred back to his family physician.  A subsequent MRI indicated that McCarty had a torn meniscus in his knee, and McCarty’s doctor recommended that he have surgery on his knee and lower back.  Through medical invoices, McCarty offered evidence that he has incurred medical expenses up until the time of the default judgment hearing totaling about $7,000.  McCarty also offered evidence in the form of an estimate from a medical office indicating that the cost of future surgery for his knee would total about $14,677.  McCarty testified that the back surgery would could cost about $25,000 and that he would likely need physical therapy after his knee surgery, which would cost “anywhere from several hundred dollars up.”  McCarty also described the extent to which the accident and injuries have affected him, which we detail in our sufficiency analysis below. 

The trial court ultimately entered an August 27, 2004 final default judgment awarding McCarty $50,000 for past and future medical expenses; $100,000 for past and future pain and suffering, physical impairment, and mental anguish; prejudgment and postjudgment interest; and costs.  Cotton Patch filed a supersedeas bond on January 18, 2005, and a notice of restricted appeal on February 25, 2005. 

III.  Restricted Appeal

A restricted appeal is a direct attack on the trial court’s judgment that affords an appellant the same scope of review as an ordinary appeal, that is, review of the entire case.  
In re E.K.N.
, 24 S.W.3d 586, 590 (Tex. App.—Fort Worth 2000, no pet.).  A direct attack on a judgment by restricted appeal must (1) be brought within six months after the trial court signs the judgment (2) by a party to the suit (3) who did not participate in the actual trial, and (4) the error complained of is apparent from the face of the record.  
See 
Tex. R. App. P.
 30; 
Norman Commc’ns v. Tex. Eastman Co.
, 955 S.W.2d 269, 270 (Tex. 1997); 
E.K.N.
, 24 S.W.3d at 590.  The face of the record, for purposes of restricted appeal review, consists of all the papers on file in the appeal, including the reporter’s record.  
Norman Commc’ns
, 955 S.W.2d at 270.  Our review thus covers legal and factual sufficiency claims, including the amount of damages awarded and Cotton Patch’s causal nexus claim.  
See id.
; 
Morgan v. Compugraphic Corp.
, 675 S.W.2d 729, 731-32 (Tex. 1984).  Cotton Patch meets the first three requirements for a restricted appeal; only the fourth requirement is at issue—whether Cotton Patch demonstrated on the face of the record that the trial court erroneously entered a default judgment against it.

IV. Sufficiency Challenges

In its first issue, Cotton Patch argues that the evidence is legally and factually insufficient (1) to show a causal nexus between McCarty’s trip and fall and his injuries and damages and (2) to support the trial court’s award for unliquidated damages. 

A.  Standards of Review

In deciding a legal sufficiency challenge, we consider only the evidence and inferences which, when viewed in the light most favorable to the judgment, tend to support the judgment; we disregard all evidence and inferences to the contrary and will overrule the challenge if more than a scintilla of evidence supports the finding.  
Holt Atherton Indus., Inc. v. Heine
, 835 S.W.2d 80, 84 (Tex. 1992)
.  
An assertion that the evidence is factually insufficient to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered.  
Garza v. Alviar
, 395 S.W.2d 821, 823 (Tex. 1965).  We are required to consider all of the evidence in the case in making this determination, not just the evidence that supports the finding.  
Mar. Overseas Corp. v. Ellis
, 971 S.W.2d 402, 406-07 (Tex.), 
cert. denied
, 525 U.S. 1017 (1998).  
In determining whether damages are excessive, we apply the same test as for any factual insufficiency question, examining all the evidence in the record to determine whether sufficient evidence supports the damage award, remitting only if some portion is so factually insufficient or so against the great weight and preponderance of the evidence as to be manifestly unjust. 
Torrington Co. v. Stutzman
, 46 S.W.3d 829, 851 (Tex. 2000); 
Larson v. Cactus Util. Co.
, 730 S.W.2d 640, 641 (Tex. 1987); 
Pope v. Moore
, 711 S.W.2d 622, 624 (Tex. 1986).

B.  Causal Nexus

Generally, a default judgment that is taken against a nonanswering defendant on an unliquidated claim operates as an admission of all facts set out in the plaintiff’s petition except for the amount of damages.  
Heine
, 835 S.W.2d at 83; 
see also Argyle Mechanical, Inc. v. Unigus Steel, Inc.
, 156 S.W.3d 685, 687 (Tex. App.—Dallas 2005, no pet.).   A causal nexus between the defendant’s conduct and the event sued upon, or liability, is thus established in such a case, but proof of a causal nexus between the event sued upon and the plaintiff’s injuries is still required.
(footnote: 2)  
Morgan
, 675 S.W.2d at 731-32; 
Jackson v. Gutierrez
, 77 S.W.3d 898, 902 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  
A challenge to the legal and factual sufficiency of the evidence to show this causal nexus is examined using the same standards applicable to any sufficiency challenge.  
Jackson
, 77 S.W.3d at 902.  “Lay testimony is adequate to prove causation in those cases in which general experience and common sense will enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition.”  
Morgan
, 675 S.W.2d at 733.

Here, Cotton Patch contends that McCarty’s testimony at the default judgment hearing did not establish that his knee and lower back injuries were “caused by” or “a result of” the trip and fall.  McCarty’s petition states that he “suffered severe injuries as a proximate result of [Cotton Patch’s] negligence” and that “[a]s a result of [McCarty’s] injuries, [he] suffered . . . damages.”  McCarty testified that he never had any “knee problems” before the accident and that he had only a “minor back problem” twenty-five years earlier that required therapy, not surgery.  McCarty testified that he fell and injured his knee and lower back.  He testified that “as a result of [the trip and fall],” he went to the hospital, he received X-rays, he underwent an MRI of his knee and back, he needs surgery on his knee and back, he now uses a walker to help move about his house, and he has pain (back and both legs) from his injures that affect his “state of mind.”  We hold that the evidence is legally and factually sufficient to establish a causal nexus between McCarty’s trip and fall (the event sued upon) and his injuries and damages.  
See Morgan
, 675 S.W.2d at 731-32; 
Jackson
, 77 S.W.3d at 902.

C.  Unliquidated Damages

Although the trial court indicated at the conclusion of the default judgment hearing that it was awarding McCarty $50,000 for past and future medical expenses and $100,000 for past and future pain and suffering, physical impairment, and mental anguish, it did not thereafter itemize the latter award. When the trial court does not itemize damages in its default judgment, it is impossible to determine what portion of the damages were ascribed to each ground of recovery claimed by the plaintiff.  
Dawson v. Briggs
, 107 S.W.3d 739, 749 (Tex. App.—Fort Worth 2003, no pet.).  We will therefore examine the record to determine whether legally sufficient evidence exists to establish each element of damage and whether the amount—a $100,000 global award for the total of all of these elements of damage—is excessive.  
Tagle v. Galvan
, 155 S.W.3d 510, 518 (Tex. App.—San Antonio 2004, no pet.) (recognizing that when trial court awards lump sum damage award, appellants are limited to challenging damage award as a whole); 
Pentes Design, Inc. v. Perez
, 840 S.W.2d 75, 80 (Tex. App.—1992, writ denied).

1.  Legal Sufficiency

A.  Medical Expenses

A claim for medical expenses must be supported by evidence that such expenses were reasonably necessary for the plaintiff to incur as a result of her injuries.  
Jackson
, 77 S.W.3d at 902; 
see also Walker v. Ricks
, 101 S.W.3d 740, 746 (Tex. App.—Corpus Christi 2003, no pet.).  A plaintiff may prove that medical expenses are reasonable and necessary (1) by presenting expert testimony on the issues of reasonableness and necessity or (2) by presenting an affidavit prepared and filed in compliance with section 18.001 of the Texas Civil Practice and Remedies Code.
(footnote: 3)  
Jackson
, 77 S.W.3d at 902; 
Rodriguez-Narrea v. Ridinger
, 19 S.W.3d 531, 532 (Tex. App.—Fort Worth 2000, no pet.).  Proof of amounts charged or paid is not proof of reasonableness, and evidence that medical expenses are reasonable and customary is no evidence that the medical expenses were reasonably necessary.  
Jackson
, 77 S.W.3d at 902; 
Rodriguez-Narrea
, 19 S.W.3d at 532.

Here, the trial court awarded McCarty $50,000 for past and future medical expenses, but McCarty neither offered an affidavit in compliance with civil practice and remedies code section 18.001 nor proved that his medical expenses were reasonable and necessary through expert testimony.  The trial court admitted invoices indicating that McCarty had incurred $7,000 in medical expenses and an estimate from a medical office showing that surgery on McCarty’s knee would cost over $14,000, and McCarty testified that back surgery would cost about $25,000.  This evidence is not proof of the reasonableness of these charges.  
See Smith v. Sw. Bell Tel. Co.
, 101 S.W.3d 698, 703 (Tex. App.—Fort Worth 2003, no pet.) (reasoning that medical bill records do not establish that medical expenses listed therein were reasonable).  No evidence exists that McCarty’s past medical expenses were reasonable or that the estimates for the suggested future surgeries were reasonable. Accordingly, we sustain Cotton Patch’s first issue to the extent it argues that the evidence is legally insufficient to support the trial court’s award for past and future medical expenses.

The supreme court has instructed that “when an appellate court sustains a no evidence point after an uncontested hearing on unliquidated damages following a no-answer default judgment, the appropriate disposition is a remand for a new trial on the issue of unliquidated damages.”  
Heine
, 835 S.W.2d at 86; 
see also Lefton v. Griffith
, 136 S.W.3d 271, 280 (Tex. App.—San Antonio 2004, no pet.) (remanding for new trial on economic damages and mental anguish damages, but affirming attorney fee award).  But we may also suggest a voluntary remittitur of this amount.  
Tex. R. App. P.
 46.5; 
Formosa Plastics Corp. v. Presidio Eng’r
, 960 S.W.2d 41, 51 (Tex. 1998) (recognizing two means by which a remittitur may be effected on appeal, including by suggestion by a court of appeals in lieu of ordering a new trial).  If we find that part of a damages verdict lacks sufficient evidentiary support, our proper course is to suggest a remittitur of that part of the damages.  
Larson
, 730 S.W.2d at 641; 
Pope
, 711 S.W.2d at 624.  Accordingly, we suggest a remittitur of $50,000, the amount the trial court awarded for past and future medical expenses. 

B.  Pain and Suffering

The process of awarding damages for amorphous, discretionary injuries such as pain and suffering or mental anguish is inherently difficult because the alleged injury is a subjective, unliquidated, nonpecuniary loss.  
Dollison v. Hayes
, 79 S.W.3d 246, 249 (Tex. App.—Texarkana 2002, no pet.).  The presence or absence of pain, either physical or mental, is an inherently subjective question because the process is not readily susceptible to objective analysis.  
Dawson
, 107 S.W.3d at 751.  Accordingly, the trier of fact is given broad discretion when determining such damages.  
Sw. Tex. Coors, Inc. v. Morales
, 948 S.W.2d 948, 951-52 (Tex. App.—San Antonio 1997, no writ). In this case, McCarty testified that he never had knee problems in the past and that he had only one episode of back problems twenty-five years ago. He testified that he fell on his right knee, causing injury to his knee and lower back.  After the fall and a subsequent visit to the hospital and his family physician, an MRI of McCarty’s knee indicated that he had a torn meniscus, and his doctor recommended that he have surgery on his knee and back and indicated that physical therapy after surgery would be required.  McCarty further testified that he has a needle-like pain that extends from his lower back down both of his legs, almost to his knees.  At the conclusion of the default judgment hearing, McCarty requested that the trial court award him $100,000 for his non-medical-expense damages.  Based on McCarty’s undisputed testimony, we hold that the evidence is legally sufficient to support the trial court’s award of some monetary damages for past and future pain and suffering.

C.  Mental Anguish

An award for mental anguish damages must be supported either by direct evidence of the nature, duration, and severity of the plaintiff’s mental anguish, thereby establishing a substantial interruption in the plaintiff’s daily routine, or by circumstantial evidence of a high degree of mental pain and distress that is greater than mere worry, anxiety, vexation, embarrassment, or anger.  
Parkway Co. v. Woodruff
, 901 S.W.2d 434, 444 (Tex. 1995).  Damages for future mental anguish are recoverable “if there is a reasonable probability that they will be suffered in the future.”  
Lubbock County v. Strube
, 953 S.W.2d 847, 857 (Tex. App.—Austin 1997, pet. denied) (op. on reh’g).  Here, McCarty testified that he has “AR stenosis” and “severe lung problems,” that he is being treated for his lung condition, and that he is unable to have heart surgery because his oxygen level is “so bad.”  Because of these prior conditions (unrelated to the accident at the Cotton Patch restaurant), McCarty is unable to have the recommended surgery on his knee and back and resolve the pain (needle-like pain) and injuries associated therewith.  McCarty testified that he would “definitely” have the surgeries on his knee and back if he were able to resolve his other health problems because he “can’t live like this.”  McCarty further testified that his injuries have affected his state of mind because he is “taking so much medication” and that “it has a lot to do with my home life.”  He continued, “They give me Celebrex, viagra and stuff like that to help me, but it doesn’t work.  So the urologist is trying to talk me into some sort of pump now, so . . . .”  Based on McCarty’s undisputed testimony, which also indicated a reasonable probability of continued mental anguish in the future, we hold that the evidence is legally sufficient to support the trial court’s award of some monetary damages for past and future mental anguish.

D.  Physical Impairment

In order to recover for physical impairment, the plaintiff must show that the effect of the physical impairment is substantial and extends beyond any pain, suffering, mental anguish, lost wages, or earning capacity.
  Golden Eagle Archery, Inc. v. Jackson
, 116 S.W.3d 757, 772 (Tex. 2003).  Damages for physical impairment are meant to compensate a plaintiff for an impairment of the capacity to enjoy life.  
Santa Rosa Med. Ctr. v. Robinson
, 560 S.W.2d 751, 762 (Tex. Civ. App.—San Antonio 1977, no writ).  McCarty, who is seventy-six and retired, testified that he is no longer able to work on his pool, that his foot swells up when he walks and “step[s] off a curb or something like that,” and that he has to use a walker to move about his home, which he never used before.  Based on McCarty’s undisputed testimony, we hold that the evidence is legally sufficient to support the trial court’s award of some monetary damages for past and future physical impairment.

2.  Factual Sufficiency

Having determined that the evidence is legally sufficient to support the trial court’s award for past and future pain and suffering, mental anguish, and physical impairment, we must now determine whether the evidence concerning these elements of damage is so factually insufficient that it is against the great weight and preponderance of the evidence as to be manifestly unjust.  
Pope
, 711 S.W.2d at 624; 
Pentes
, 840 S.W.2d at 80-81.  However, once the existence of some pain, mental anguish, and impairment has been established, there is no objective way to measure the adequacy of the amount awarded as compensation, which is generally left to the discretion of the fact-finder.  
Dawson
, 107 S.W.3d at 751.  The process of awarding damages for amorphous, discretionary injuries such as pain and suffering is inherently difficult because the alleged injury is a subjective, unliquidated, nonpecuniary loss. 
 Id.
  The amounts awarded for such damages are necessarily speculative, and each case must be judged on its own facts.  
Id
.  

Even though each case must be judged on its own unique facts, it is proper to consider other approved awards in similar cases to determine if an award for pain and suffering is excessive.  
HCRA of Texas, Inc. v. Johnston
, 178 S.W.3d 861, 872 (Tex. App.—Fort Worth 2005, no pet.).  In 
HCRA
, this court determined that an award of $75,000 was not excessive to compensate a nursing home resident for physical pain and mental anguish suffered from decubitis ulcers and malnutrition.  
Id
.  In 
Sunbridge Healthcare Corp.
, the court held that an award of one million dollars was not excessive to compensate the plaintiff for physical pain and mental anguish suffered from injuries sustained in falls.  
Sunbridge Healthcare Corp. v. Penny
, 160 S.W.3d 230, 252 (Tex. App.—Texarkana 2005, no pet.).  In 
Cresthaven Nursing Residence v. Freeman
, the court held that an award of one million dollars—remitted down from four million dollars—was not excessive to compensate the plaintiff for physical pain and mental anguish suffered from two broken legs sustained in a fall.  134 S.W.3d 214, 228-232 (Tex. App.—Amarillo 2003, no pet.).  In 
Guzman v. Guajardo
, the court held that an award of $600,000 was not excessive to compensate a young boy who endured fifteen minutes of pain sustained in a car accident before dying.  761 S.W.2d 506, 512 (Tex. App.—Corpus Christi 1988, writ denied).

In the instant case, McCarty’s testimony, including that he fell and injured his knee, that he has sharp pain in his lower back and legs, that his foot swells when he walks, that he now uses a walker to move around his home, and that he is unable to have surgery in order to address his injuries resulting from the fall, constitutes factually sufficient evidence to support the trial court’s award; the award of $100,000 is not excessive.  Accordingly, we overrule Cotton Patch’s first issue to the extent it argues that the evidence is legally and factually insufficient to support the trial court’s awards for past and future pain and suffering, mental anguish, and physical impairment.  

V.  Service of Citation

In its second issue, Cotton Patch argues that error is apparent on the face of the record because the return of citation contains an incorrect numeral which, consequently, precluded the trial court from acquiring jurisdiction over it.  Strict compliance with the rules of service of citation must affirmatively appear in the record in order for a default judgment to withstand a direct attack.  
Primate Constr., Inc. v. Silver
, 884 S.W.2d 151, 152 (Tex. 1994).  When the attempted service of process is invalid, the trial court acquires no personal jurisdiction over the defendant, and the default judgment is void.  
Westcliffe, Inc. v. Bear Creek Constr., Ltd.
, 105 S.W.3d 286, 290 (Tex. App.—Dallas 2003, no pet.).  There are no presumptions in favor of valid issuance, service, and return of citation in the face of a direct attack on a default judgment, but strict compliance does not require “obeisance to the minutest detail.”  
Uvalde Country Club v. Martin Linen Supply Co.
, 690 S.W.2d 884, 885 (Tex. 1985); 
Herbert v. Greater Gulf Coast Enters.
, 915 S.W.2d 866, 871 (Tex. App.—Houston [1st Dist.] 1995, no writ).

The officer’s return of citation states that service was made upon Cotton Patch’s registered agent at “4825 W. Royal Ln, Irving, TX 7506
2
” [Emphasis added.].  McCarty’s petition and the citation, however, identify the registered agent’s address as 4825 West Royal Lane, Irving, Texas “7506
3
.”  [Emphasis added.].  Cotton Patch argues that this numerical discrepancy occuring only on the return of citation—the citation and the petition contain the correct digit—constitutes error on the face of the record.  We cannot agree.  Rule 107 of the Texas Rules of Civil Procedure requires the return to state when the citation was served, to state the manner of service, to be signed by the officer officially or by the authorized person, and to be verified if the return is by an authorized person.  
Tex. R. Civ. P.
 107.  The return clearly complies with the requirements of Rule 107, but simply contains an incorrect final numeral in the registered agent’s zip code.  The zip code in McCarty’s petition correctly states that the registered agent’s zip code is “75063,” the citation contains the correct zip code on the same page as the officer’s return, and Cotton Patch does not argue that it was not served.  At the conclusion of the default judgment hearing, the trial court found that Cotton Patch had been served with citation and with a copy of McCarty’s petition.  Thus, because the return of citation complies with Rule 107, because Cotton Patch does not claim that it did not receive service, and because the citation and return show that citation was actually served on Cotton Patch’s registered agent, we hold that the service was not defective so as to deprive the trial court of jurisdiction over Cotton Patch.  
See Regalado v. State
, 934 S.W.2d 852, 854 (Tex. App.—Corpus Christi 1996, no writ) (reasoning that service of process will not be invalidated so long as the citation and return show with reasonable certainty that citation was served on defendant).  We overrule Cotton Patch’s second issue.

VI.  Conclusion

We affirm the trial court’s award of $100,000 for past and future pain and suffering, physical impairment, and mental anguish damages, but we reverse the trial court’s award of $50,000 for past and future medical expenses.  We suggest a remittitur of $50,000, the amount of the trial court’s past and future medical expenses award.  If, within fifteen days of the date of this opinion, McCarty files in this court a remittitur of $50,000, then our subsequent judgment will reform the trial court’s judgment in accordance with the remittitur and, as reformed, affirm that judgment.  
See
 
Tex. R. App. P.
 46.5.  Unless a voluntary remittitur is filed, we reverse the trial court’s judgment and remand the case to the trial court for a new trial on the issue of unliquidated damages. 

SUE WALKER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

DELIVERED: March 9, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
In 
Morgan
, the supreme court stated,

The causal nexus between the event sued upon and the plaintiff’s injuries is strictly referable to the damages portion of the plaintiff’s cause of action.  Even if the defendant’s liability has been established, proof of this causal nexus is necessary to ascertain the amount of damages to which the plaintiff is entitled.  This is true because the plaintiff is entitled to recover damages only for those injuries caused by the event made the basis of suit; that the defendant has defaulted does not give the plaintiff the right to recover for damages which did not arise from his cause of action.

Morgan
, 675 S.W.2d at 732  

3:
Section 18.001 provides in relevant part:

(b) Unless a controverting affidavit is filed as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

Tex. Civ. Prac. & Rem. Code Ann.
 § 18.001 (Vernon 1997).