**REMITTITUR SUGGESTED, MODIFY, and AFFIRM AS MODIFIED, and Opinion Filed November 21, 2024**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-00164-CV**

**ROBERT D. WILSON, Appellant**
**V.**
**JAMES FELDER, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-14632**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Carlyle, and Garcia
Opinion by Justice Carlyle

Appellant Robert D. Wilson appeals from the post-answer default judgment the trial court granted in favor of James Felder on Felder's fraud claim. Wilson claims the trial court abused its discretion by not granting his motion for new trial and that there was insufficient evidence to support the default judgment. Felder has not filed a brief.[1] We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

---

[1] We do not blindly accept an appellant's statement of facts as conclusive and complete on all matters raised in briefing, even when appellee fails to file a brief. *See In re Estate of Hattie Johnson*, No. 05-23-00087-CV, 2024 WL 4595140, at *2 (Tex. App.—Dallas Oct. 28, 2024, no pet. h.) (mem. op.) (describing the effect of an appellee's failure to file a brief and the interplay

We review a trial court's refusal to grant a motion for new trial for abuse of discretion. *Dolgencorp of Texas, Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). A trial court abuses its discretion when it makes a ruling supported by no evidence. *See Hart Custom Homes, LLC v. Palomar Investment Group, LLC*, No. 01-22-00343-CV, 2023 WL 7391878, at *3 (Tex. App.—Houston [1st Dist.] Nov. 9, 2023, no pet.) (mem. op.). We review evidentiary sufficiency in post-answer default cases under the same standards of review governing those after contested trials. *See id.* (citation omitted).

Appellee Felder sued Wilson for fraud. Wilson answered, asserting several "affirmative verified defenses," albeit without a supporting affidavit. *See* TEX. R. CIV. P. 93–94. Felder had cared for a piece of residential property for many years, thinking he owned it outright. Felder testified he had first paid another lawyer $3,000, that the lawyer informed him he only owned a 1/3 interest in the property, and that he needed to "file an adverse possession." That lawyer referred Felder to Wilson, who, the lawyer said, "would be able to get it done quicker than he would." Felder said he "was told" Wilson got the $3,000 he initially paid the first lawyer but he "didn't actually see it."

Felder also testified that Wilson told him filing the adverse possession lawsuit would be arduous and expensive and would take "about ten years and extra fee

with TEX. R. APP. P. 38.1(g)). We will conduct an independent analysis of appellant's claims of error, limited to his arguments, to determine if the trial court erred. *Id.* (citations omitted).

money" because the "newer" judges "didn't really know much about the adverse possession." Felder was discouraged at the time it would take and at the $10,000 fee Wilson quoted, and said Wilson offered to pay $15,000 for his 1/3 interest in the property. Though Felder had been preparing to sell the full interest in the property for $100,000, Felder accepted. Felder testified the appraisal district valued the property at $68,000 in 2020. After Felder sold his 1/3 interest for $15,000 to Wilson, Wilson filed suit to quiet title over the property, but in Felder's name. Felder later hired new counsel, who substituted into the suit, which was later dismissed for want of prosecution.

The trial court set this case for trial on its August 22, 2023 two-week trial docket, and ordered the parties to follow Local Rule 3.02 of the Civil Courts of Dallas County, which require counsel to make their readiness announcements by the Thursday before but no later than 10:30am the Friday before trial. If a plaintiff fails to make an announcement by that time, rule 3.02 says "the Court may dismiss the case for want of prosecution." The word "may" in this sense "creates discretionary authority or grants permission or a power." *See* TEX. GOV'T CODE § 311.016(1).

Wilson testified by affidavit attached to his motion for new trial that he "called to confirm IF Plaintiff's attorney announced ready on Thursday 08/17/23 and was advised he 'did not.'" Wilson appears to have understood this meant the case would be dismissed based on his misreading of local rule 3.02 and took his daughter to college that Friday, only returning late Monday.

–3–

The record demonstrates the trial court called the case to trial on Tuesday via email at approximately 4:00pm on that Monday. Wilson testified he did not receive the email until approximately 9:00am on Tuesday, and said he could be ready by 1:00pm that afternoon. The coordinator replied that the court would hold the jury until 10:30am, and noted that he had no valid vacation letter on file. The court held a default prove-up, and awarded Felder $53,000, the difference between the appraisal district's valuation of the entire parcel and the $15,000 Wilson paid Felder. *See* TEX. R. CIV. P. 239.

The evidence of fraud is weak but sufficient. *See Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001) (elements are (1) material false representation, (2) known to be false or made recklessly as a positive assertion without any knowledge of its truth, (3) with intent to induce action upon the representation, (4) that the other party actually and justifiably relied upon, and (5) suffered injury thereby). Felder's testimony established Wilson's statements were at least reckless, intended to induce Felder to act, that Felder actually and justifiably relied on them, and this caused him to suffer injury.

Felder's trial testimony sought to establish the value of the entire property to prove his damages. *See Natural Gas Pipeline Co. of America v. Justiss*, 397 S.W.3d 150, 156–57 (Tex. 2012) (describing contours of the property owner rule where lay witness owner may testify to property value). The court questioned whether the owners of the other 2/3 interest were necessary parties, but Felder's counsel

–4–

explained that because this was a fraud case having nothing to do with establishing ownership or quieting title, they were not required parties. Felder's entire theory of the fraud case was premised on Wilson's advice that the adverse possession matter had to be pursued before he could own the entire property. Felder testified he recalled looking at the Dallas County Appraisal District website in 2020 and that the taxable value was $68,000. Counsel requested the court award judgment in the amount of $53,000, the difference between what Wilson paid and the appraised value. But it is undisputed Felder owned only a 1/3 interest and therefore is only entitled to judgment on his 1/3 interest.

The evidence sufficiently supports a verdict for 1/3 of $68,000 less the $15,000 offset, or $7,666.67. We may suggest a remittitur on our own motion when the appellant complains there is insufficient evidence to support an award and we agree, but conclude there is sufficient evidence to support a lesser award. *Hernandez v. Soverign Cherokee Nation Tejas*, 343 S.W.3d 162, 176 (Tex. App.—Dallas 2011, pet. denied). Accordingly, we suggest remittitur in the amount of $45,333.33. *See* TEX. R. APP. P. 46.3. In this circumstance, the "party prevailing in the trial court should be given the option of accepting the remittitur or having the case remanded." *Id.* (quoting *Larson v. Cactus Utility Co.*, 730 S.W.2d 640, 641 (Tex. 1987)).

If Felder files remittitur in the amount of $45,333.33 within 15 days of the date of this opinion, we will modify the trial court's judgment to award Felder $7,666.67 and affirm as modified. *See* TEX. R. APP. P. 46.3. If Felder fails to timely

file the suggested remittitur, the trial court's judgment will be reversed and the cause remanded.

240164f.p05

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT D. WILSON, Appellant

No. 05-24-00164-CV      V.

JAMES FELDER, Appellee

On Appeal from the 101st Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-20-14632. Opinion delivered by Justice Carlyle. Justices Partida-Kipness and Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part.

We suggest a remittitur of $45,333.33. In accordance with rule 46.3 of the Texas Rules of Appellate Procedure, if James Felder files with this Court within fifteen days from the date of this Court's opinion a remittitur of $45,333.33 of the actual damages awarded to him, we will modify the trial court's judgment to award him actual damages in the amount of $7,666.67, along with pre- and post-judgment interest, and affirm the trial court's judgment as modified. If the suggested remittitur is not filed timely, we will reverse the trial court's judgment and remand to the trial court for further proceedings consistent with this opinion.

We **AFFIRM** the trial court's judgment in all other respects.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 21st day of November, 2024.